JOSEPH PANDER *v.* CLINTON E. FRENCH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 5-6501-4774

Argued September 13—decided October 4, 1965

*Robert N. Hunziker,* of Bridgeport, for the appellant (defendant).

*George J. Jaser,* of Milford, for the appellee (plaintiff).

JACOBS, J. The parties occupy the relationship of owner and occupant. The plaintiff as owner instituted a summary process action against the defendant as occupant under the provisions of § 52-532 of the General Statutes to recover possession of certain premises in the town of Milford. The trial court sustained the plaintiff in his claim that the notice to quit dated and served upon the defendant on January 7, 1965, to quit possession on or before January 17, 1965, was a sufficient compliance with the statute, which provides, in relevant part, that the owner "shall give notice to the . . . occupant to quit possession of such [premises] . . . at least ten days . . . before the time specified in the notice for the . . . occupant to quit . . . occupancy." Our review on this appeal is restricted solely to the claim of error directed against the sufficiency of the notice.[1]

From *Austin, Nichols & Co.* v. *Gilman,* 100 Conn. 81, 85 (1923), to *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536 (1963), a span of some forty years, our Supreme Court has uniformly and con-

---

[1] We assume, as did the trial court and the parties, though we do not decide the issue, since it is not before us, that the summary process action under § 52-532 was the appropriate remedy available to the plaintiff. See *Feneck* v. *Nowakowski,* 146 Conn. 434, 436. Our review of this appeal is limited solely to the sufficiency of the notice to quit possession.

sistently held that "[w]hen so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded" from the computation. *Treat v. Town Planning & Zoning Commission,* 145 Conn. 136, 139; see *Alderman v. West Haven,* 124 Conn. 391, 397; note, 98 A.L.R.2d 1331, 1367; 2 Merrill, Notice § 708; 86 C.J.S., Time, § 13 (5) n.52 (Sup. 1965). The rule has been held applicable to a notice to quit possession. See 1 American Law of Property, § 3.90 n.21, p. 377; 2 Tiffany, Landlord and Tenant § 201 n.192 (1910). Since, under our established rule, both January 7 and January 17 must be excluded in the computation, only nine full or clear days intervened.

The plaintiff contends that where, as in this instance, the last of a certain number of days prescribed in the notice (January 17) fell on a Sunday, the time is extended to the next or following day. But the plaintiff overlooks the fact that the limitation upon the time specified in the notice was fixed by him. Thus, if there is any uncertainty in the time named in the notice, the doubt, if any, must be resolved against the person giving the notice.[2] See 66 C.J.S. 668, Notice, § 19 (a); cf. *Jones v. Duncan,* 250 Ala. 587.

We fail to find clear-cut authority or a legislative intent to exclude Sunday from the computation under § 1-4 of the General Statutes. See *Shefer v. Magone,* 47 Fed. 872; 52 Am. Jur., Time, § 20.

---

[2] That the computation of time governing a notice to quit has been the subject of considerable difficulty is evidenced by the following excerpt: "In view of the uncertainty as to the mode of computing time in this connection, it is advisable, in giving a notice to quit to allow a margin of time, and, as a matter of fact, notices are ordinarily given more than the prescribed period before the time named for the expiration of the notice. It has never been suggested that a notice is invalid because thus given earlier than the common law or statutory period before the time named for quitting." 2 Tiffany, Landlord and Tenant § 201, p. 1454.

Our determination that the notice to quit was improper within the meaning of the statute is a question of law. See *Sapiente* v. *Waltuch,* 127 Conn. 224, 226. It becomes unnecessary to discuss other errors assigned, including those dealing with "title."

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion Pruyn and Levine, Js., concurred.