JOSEPH PANDER *v.* CLINTON E. FRENCH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 5-6510-5632

Argued March 7[1]—decided March 29, 1966

---

[1] It was understood and stipulated by the parties in open court that, because Judge Kosicki was unavailable on March 7, 1966, the oral argument on defendant's motion to reargue the order dismissing the appeal would be heard by Judge Dearington and Judge Jacobs; however, it was fully understood that Judge Kosicki would participate in this opinion.

562

Clinton E. French, pro se, and *Anthony T. Varone,* of *Blawie & Belinkie,*[2] of Bridgeport, for the appellant (defendant).

*George J. Jaser,* of Milford, for the appellee (plaintiff).

PER CURIAM. The premises involved in the present litigation were the subject of an earlier appeal to this court in *Pander* v. *French,* 3 Conn. Cir. Ct. 383, 384, where "review . . . [was] restricted solely to the claim of error directed against the sufficiency of the notice." Moreover, in that case we said (p. 384 n.1): "We assume, as did the trial court and the parties, though we do not decide the issue, since it is not before us, that the summary process action under § 52-532 was the appropriate remedy available to the plaintiff. See *Feneck* v. *Nowakowski,* 146 Conn. 434, 436. Our review of this appeal is limited solely to the sufficiency of the notice to quit possession." We held (p. 386) that the notice was improper within the meaning of the statute (§ 52-532) as a matter of law.

In the case now before us, the plaintiff sought to recover possession of premises described in the complaint as 50 Bridgeport Avenue, in Milford, Connecticut, upon the ground that the "defendant's right or privilege to occupy the same terminated and the defendant is now holding over as a tenant at

---

[2] Blawie & Belinkie, of Bridgeport, filed their appearance for the defendant on November 12, 1965. They represented the defendant at the trial held on December 20, 1965. They continued to represent the defendant even after the rendition of the judgment. No application for withdrawal of appearance appears in the record. See Practice Book § 44.

sufferance and without right or privilege." On December 20, 1965, the defendant through his counsel of record, filed an answer which in effect amounted to a general denial. A hearing on the merits was held on the same date in the Circuit Court held at Milford. On December 31, 1965, judgment was rendered for the plaintiff "to recover possession of the . . . [premises] described in said complaint." On January 11, 1966, the defendant filed an appeal pro se from the judgment; and, on January 14, 1966, the plaintiff moved to dismiss the appeal upon the ground that it was not timely taken. See General Statutes § 52-542; *B. L. & F. E. Newton Co.* v. *Kardys,* 22 Conn. Sup. 470, 471, 1 Conn. Cir. Ct. 97, 98. On January 18, 1966, more than two weeks after the rendition of the judgment, the defendant, by his same counsel of record, filed an application for stay of execution under the provisions of § 52-544, giving as reasons therefor, inter alia, (1) the premises herein involved are used for dwelling purposes within the meaning of §§ 52-543[3] and 52-544;[4] (2) the defendant used due diligence and made reasonable efforts to secure other suitable premises for himself and his family but has been unable to secure such premises; (3) the application is made in good faith and the defendant will abide by and comply with such terms and provisions as the court may prescribe. On January 31, 1966, the court *(Cicala, J.)* denied the application.

[3] "Sec. 52-543. STAY OF EXECUTION OF TWENTY DAYS. In any action of summary process to recover possession of any . . . [premises] used or occupied for dwelling purposes, . . . where judgment has been rendered for the plaintiff under the provisions of section 52-534 for any reason other than nonpayment of rent . . . , execution shall not issue until twenty days from the date of such judgment, notwithstanding the provisions of section 52-542."

[4] "Sec. 52-544. APPLICATION FOR STAY OF EXECUTION. Within a period of twenty days after . . . judgment . . . any defendant against whom . . . judgment has been rendered may file an application . . . with the clerk . . . , requesting a stay of execution and setting forth the reasons therefor."

The plaintiff's motion to dismiss the appeal came before the Appellate Division on February 7, 1966, at a session held at Meriden. On February 14, 1966, an order was entered dismissing the appeal. For good cause shown,[5] on the defendant's motion which he filed pro se to reargue the order of dismissal, oral argument was heard before a two-judge[6] panel at a session of the Appellate Division held in Hartford on March 7, 1966.

The thrust of the defendant's argument addressed to us, to use his own language, is: "(a) I question the title of the plaintiff which may be resolved in case #105695, *French* v. *Oberreuter,* presently pending on the trial list of the Superior Court for New Haven County;" and "(b) I question the plaintiff having a valid title to these premises under the terms of the Will of Erma Swift French." In short, the defendant's basic claim is that summary process was not the appropriate remedy available to the plaintiff.

When the defendant filed the application for stay of execution under § 52-544, he saw fit to avail himself of the benefits he might derive from chapter 922, entitled "Summary Process"; he may not now disclaim its applicability to him when it appears to be to his disadvantage. See *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 469, and cases cited; 31 C.J.S. 580, Estoppel, § 110 (8); 19 Am. Jur., Estoppel, § 64.

The order dismissing the appeal must stand.

In this opinion KOSICKI, DEARINGTON and JACOBS, Js., participated.

---

[5] Failure on the part of the defendant to appear on February 7, 1966, was due to illness; in deference to his appellate rights, we ordered reargument on the order dismissing the appeal.

[6] See note 1 supra.