WILLIAM MARRINAN ET AL. *v.* BERT HAMER
(2956)

HULL, BORDEN and DALY, Js.

Argued May 14—decision released August 27, 1985

*Diane Polan,* for the appellant (defendant).

*Gerald A. Heffernan,* for the appellees (plaintiffs).

DALY, J. The defendant has appealed from a summary judgment rendered in favor of the plaintiffs in a summary process action concerning the termination of a lease agreement and the validity of a notice to quit.

The parties entered into a written lease whereby the defendant leased premises in West Haven from the plaintiffs for one year from August 1, 1982, through July 31, 1983, for $6600, payable at a monthly rent of $550. On August 29, 1983, the plaintiffs initiated a sum-

mary process action in two counts. The plaintiffs subsequently withdrew the second count on September 22, 1983, and filed a revised complaint on the basis of the first count only.

The second count of the original complaint alleged that the defendant had failed to comply with various sections of General Statutes § 47a-11 relating to tenant's duties and responsibilities. The notice to quit possession relating to this count was served on June 30, 1983. The plaintiffs withdrew this count when they realized that they had failed to comply with the notice requirements of General Statutes § 47a-15.[1]

The first count is based on a notice to quit that was served on July 13, 1983, demanding vacation of the premises by July 31, 1983. The defendant claims that the second notice to quit possession was ineffectual since the lease had been terminated by the first notice to quit of June 30, 1983.

---

[1] General Statutes § 47a-15 provides: "NONCOMPLIANCE BY TENANT. LANDLORD'S REMEDIES. Except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent or based on conduct by the tenant which is illegal, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, the landlord may deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive."

On appeal, the defendant claims that the trial court erred (1) in denying his motion to dismiss the first count of the complaint, and (2) in granting the plaintiffs' motion for summary judgment. The defendant concedes that the issues involved in both his claims are the same.

A plaintiff may withdraw any action that has been returned to court and entered on the docket before a hearing has commenced on the merits; General Statutes § 52-80; and also may amend any defect, or insert new counts, in a complaint within the first thirty days after the return day. General Statutes § 52-128; Practice Book § 175. Under these time constraints, the plaintiffs' withdrawal of the second count was timely. The revised complaint, filed after the withdrawal of the second count, because it was complete in itself, entirely superseded the original complaint. "[I]ts voluntary filing operated as a withdrawal of the original complaint, which thereupon became merely a part of the history of the case." *Wesley* v. *DeFonce Contracting Corporation,* 153 Conn. 400, 404, 216 A.2d 811 (1966).

Summary process is a statutory remedy which enables the landlord to recover possession from the tenant upon the termination of a lease. General Statutes § 47a-23. "Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed." *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600–601, 96 A.2d 217 (1953). A summary process action is initiated by giving the required notice to quit pursuant to the statute. *Webb* v. *Ambler,* 125 Conn. 543, 552–53, 7 A.2d 228 (1939). The first notice to quit, served on June 30, 1983, on which the second count was based, became a part of the history of the case when that count was withdrawn; the second count was no longer before the court.

General Statutes § 47a-15 provides remedies to the landlord in the event that a tenant fails to comply with

a lease agreement. "The language of the statute [§ 47a-15] is clear and unequivocal. It creates a thirty-day reconciliation period, allowing errant tenants to remedy their first miscue within twenty-one days of the termination notice." *Kapa Associates* v. *Flores,* 35 Conn. Sup. 274, 278, 408 A.2d 22 (1979). The legislative purpose is to discourage summary evictions against first offenders; the machinery of summary process is suspended pending any reoccurence of substantially the same violation within six months. Id.

The June 30, 1983 notice to quit was invalid because the requirements of § 47a-15 had not been complied with. The plaintiffs, conceding the inadequacy of the June 30 notice to quit, withdrew the second count. "Invalid," according to Ballentine's Law Dictionary, means: "Illegal, having no force or effect or efficacy; void; null." Webster, Seventh New Collegiate Dictionary, defines "invalid" as "being without foundation or force in fact, truth or law." Because the notice to quit of June 30 had no effect, it could not have terminated the lease. We conclude, therefore, that the trial court did not err in denying the defendant's motion to dismiss the first count and in thereafter granting the plaintiff's motion for summary judgment.

There is no error.

In this opinion the other judges concurred.