[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By their answer, the defendants admitted the following facts which are binding judicial admissions:
1. On or about October 6, 1992, the plaintiffs, as lessors, and the defendants, as lessees, entered into a CT Page 8558 written lease for the use and occupancy of the premises at 72 Lake Avenue, Danbury, Connecticut.
2. The defendants took possession of the premises pursuant to the lease and still occupy the same.
3. Although the time designated in the notice for the defendants to quit possession of the premises has passed, the defendants still continue in possession.
Other allegations of the complaint were not admitted. The court finds those issues for the plaintiffs, except as to the allegations set out in paragraph 4 concerning whether the notice to quit was served according to law. Paragraph 4 alleges the following about the notice to quit:
 On March 31, 1993 the Plaintiffs caused a notice to quit to be duly served on the Defendants for the Defendants to quit possession of the leased premises on or before April 9, 1993 as required by law, a copy of which is attached and marked Exhibit A.
The defendant has by his answer, leaving the plaintiffs to their proof that the notice to quit was served according to law, placed that matter in issue. The court will now turn to that notice to determine its compliance with law.
The defendants are residents of Edison, New Jersey.
Section 47a-23b of the statutes governs the time for service of notices to quit on non-resident lessees. It provides that it must be served "at least ten days before the time specified in such notice. . . ." The notices to quit in this case required each defendant to quit the premises by April 9, 1993, and was dated March 29, 1993. However, the sheriff did not serve it until March 31, 1993. Under our law, both March 31, 1993, the date that service was made, and April 9, the date given for the defendants to leave the premises as "terminal days," must be excluded in computing whether the necessary ten day statutory requirement has been fulfilled. "`When so many days `at least' are given to do an act . . . both the terminal days are excluded' from the computation." (Citations omitted.) Pander v. French, 3 Conn. Cir. Ct. 383, 385, citing Treat v. Town Plan Zoning CT Page 8559 Commission, 145 Conn. 136, 139.
When those terminal dates are excluded in this case, the court finds that the service gave only eight days notice rather than the statutorily mandated ten days notice.
Therefore, judgment is ordered to enter in favor of the defendants.
Flynn, J.