[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
In this residential summary process action the defendant has filed a Motion to Dismiss in accordance with Practice Book § 143 stating that the court lacks jurisdiction by reason of the fact that the complaint did not have annexed to it and served with it a copy of the Notice to Quit. The defendant claims that the Notice to Quit was neither recited in the complaint nor annexed to the complaint served upon the defendant as required by Practice Book § 185. The plaintiff claims that it CT Page 1275-A complied with Practice Book § 141 by serving the Notice to Quit with the court and the defendant upon receipt of notice of the appearance of the defendant.
FACTS
The plaintiff as owner of a Norwalk dwelling unit alleged in its complaint that the defendant is the occupant of the dwelling unit under a month to month tenancy beginning on the first day of each calendar month. On September 15, 1994 the plaintiff caused a Notice to Quit to be served on the defendant alleging lapse of time and requiring the tenant to vacate on September 30, 1994. The plaintiff issued and served upon the defendant a writ, summons and complaint seeking possession of the premises on the basis of lapse of time. As to the allegations of the complaint regarding the Notice to Quit the plaintiff's complaint stated "on September 15, 1994 a notice to quit issued by the plaintiff as against the defendant based upon lapse of time was served on the defendant on September 16, 1994 and stated that the defendant had to remove himself from the premises on or before September 30, 1994, a copy of which notice is annexed hereto as Exhibit A." The plaintiff's complaint did not recite the exact words of the Notice to Quit nor was CT Page 1275-B a copy of the original Notice to Quit annexed to the complaint.
The complaint was returnable to the Superior Court Judicial District Stamford-Norwalk, Housing Session at Norwalk on October 23, 1994. On October 25, 1994 the defendant filed an appearance by counsel of record. On October 27, 1994 in accordance with Practice Book § 141 the plaintiff served a copy of the Notice to Quit on the defendant by his attorney of record. The original Notice to Quit with proof of service to the appearing attorney was filed by the plaintiff in the Superior Court, Housing Session at Norwalk.
On November 1, 1994 the defendant moved to dismiss the complaint on the basis that the court had no jurisdiction citing Practice Book § 185. Practice Book § 185 states; "Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annexed a copy thereto."
DISCUSSION
The Motion to Dismiss was filed by the defendant in order to CT Page 1275-C contest the court's jurisdiction pursuant to Practice Book § 142 within thirty days of filing his appearance. Practice Book § 142. The Motion to Dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, 12 n. 1, (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics,215 Conn. 305, 308 (1993). "In some situations the plaintiff by amendment may cure the defect and have the case reinstated. In others, the plaintiff can proceed only by initiating a new action," Southport ManorConvalescent Center, Inc. v. Foley, supra 17. When deciding a motion to dismiss, the courts "inquiry usually does not extend to the merits of the case." Southport Manor Convalescent Center, Inc. v. Foley, supra 16.
The Motion to Dismiss "admits all facts which are well pleaded, invokes the existing the record and must be decided upon that alone."Young v. Chase, 18 Conn. App. 85, 90 (1989). The complaint is to be construed most favorably to the plaintiff. Duguay v. Hopkins,191 Conn. 222, 227 (1983). In evaluating the sufficiency of the plaintiff's complaint we presume the validity of the allegations of the pleadings.Young v. Chase, supra 90. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556-557 (1987); Manley v. Pfeiffer, 176 Conn. 540, 545
CT Page 1275-D (1979). The issue in this case can be decided on the record and no testimony is needed. Standard Tallow Corporation v. Jowdy, 190 Conn. 48,50 (1983).
This issue involves a determination as to whether or not in summary process does Practice Book § 185 require the Notice to Quit to be either recited in the complaint or annexed to the complaint or can the plaintiff comply by utilizing the Exhibit rule of Practice Book § 141. There are three elements to Practice Book § 185; 1) the lawsuit must be based on a statute (2) the statute authorizing the lawsuit compels the giving of a notice and 3) the wording of the notice must be recited in the complaint or a copy of the notice must be annexed to and made a part of the complaint. In order for the court to answer this question it is required to analyze the status and the effect of a Notice to Quit.
SUMMARY PROCESS IS A STATUTORY ACTION
This lawsuit was commenced in accordance with the summary process scheme set forth in Title 47a, Chapter 832 of the Connecticut General Statutes. C.G.S. § 47a-23 et. seq. contains in the statutory remedy of summary process. Marrinan v. Hamer, 5 Conn. App. 101, 103 (1985). CT Page 1275-E
The statute granting the summary nature of the remedy has been narrowly construed and strictly followed. Jo-Mark Sand Gravel Co. v.Pantanella, 139 Conn. 598, 600-601 (1953). "As a condition precedent to a summary process action, a proper Notice to Quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724, 730 (1989).
A defective Notice to Quit deprives the court of subject matter jurisdiction. Rosato v. Keller, 5 CLT 325, p. 18; Windsor Properties,Inc. v. The Great Atlantic and Pacific Tea Company, Inc., 35 Conn. Sup. 297,301 (1979); Marrinan v. Hamer, supra 104. C.G.S. § 47a-23 sets forth the requirements of a Notice to Quit; (1) who can sign the notice, §47a-23(a) (2) to whom it notice is to be given, § 47a-23(a),
(3) the reason or reasons for the notice to quit § 47a-23(a)(1)(A)-(G),(2) and (3), (4) the date for the lessee or occupant to quit,§ 47a-23, (5) the number of days before the quit date that service must be made, § 47a-23(a), (6) the persons who can make service, § 47a-23(c) (7) the place where service must be made, if residential or commercial, § 47a-23(c) (8) the substantial wording of the notice itself, § 47a-23(b), (9) service methods a non resident, § 47a-23(c) (10) exception to CT Page 1275-F service requirements, § 47a-23(d) and (e) (11) waiver of the service of a notice to quit, § 47a-25, § 47a-31.
There are hundred of reported decisions including those confirmed on appeal stating that the failure to adhere to the statutory requirements of a Notice to Quit deprives the court of subject matter jurisdiction. Although the Supreme Court has stated that "not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process", summary process statutes require the service of a notice to quit that "must reflect the purpose that the notices were meant to serve." Jefferson GardensAssociates v. Greene, 202 Conn. 128, 145 (1987). The notice to quit must conform to the statute. Vogel v. Bacus, 133 Conn. 95, 98 (1946).
SUMMARY PROCESS STATUTES COMPEL THE GIVING OF A NOTICE TO QUIT
A proper notice to quit is a jurisdictional necessity and a precondition to the commencement of a summary process action. Lampasonav. Jacobs, supra 730. The time limitations and the other notice requirements are conditions precedent to court actions and thus are jurisdictional. Tucker v. Maher, 192 Conn. 460, 469 (1984); O'Keefe v.CT Page 1275-GAtlantic Refining Company, 132 Conn. 613, 622 (1946).
A breach of a lease covenant does not automatically result in the termination of a lease. Rosa v. Cristina, 135 Conn. 364, 366 (1949);Simsbury Turnpike Realty Co. v. Great Atlantic and Pacific Tea Company,39 Conn. Sup. 367, 370 (1983). The breach gives the lessor a right to terminate the lease which he may or may not exercise. Kovner v. Dubin,104 Conn. 112, 118 (1926). "In order to effect a termination the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease." Chapel-High Corporation v. Cavallaro,141 Conn. 407, 411 (1954). The notice to quit is such an unequivocal act and its service terminates the lease. Sandrew v. Pequot Drug, Inc.,4 Conn. App. 627, 631 (1985).
When a residential tenancy terminates by the time specified in the lease, unless the parties agree to a different term or the lease automatically renews in accordance with the terms of the lease, the new residential lease term is month to month. "Unless the rental agreement fixes a definite term, the tenancy is month to month, except in the case of a tenant who pays weekly rent, then the tenancy is week to week."C.G.S. § 47a-3b. Upon the service of a notice to quit the tenancy at CT Page 1275-H will is converted to a tenancy at sufferance. Bushnell PlazaDevelopment Corporation v. Fazzano, 38 Conn. Sup. 683, 686 (1983);Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122, 131 (1975).
The notice to quit was first authorized by statute in 1806. PublicActs of 1806, page 729, Lorch v. Page, 97 Conn. 66, 72 (1921). The notice to quit created a statutory unequivocal act that terminated the lease or right of occupancy. Prior to 1806 a tenancy had to be terminated by common law methods such as reentry, Thompson v. Coe,96 Conn. 644, 653-654, (1921); declaration of a lease forfeiture, Bowman v.Foot, 29 Conn. 331, 339 (1860), demand and entry. Hartford Wheel Clubv. Travelers Ins. Co., 78 Conn. 355, 358 (1905) and reentry for condition broken, Read v. Tuttle, 35 Conn. 25, 26 (1868), Kovner v. Dubin, supra 119. Thus by statute, C.G.S. § 47a-23, the plaintiff is required to serve a notice to quit in order to commence a summmary [summary] process action for lapse of time. The waiver of the notice to quit in a lease, C.G.S. § 47a-25, and immoral conduct exemption, C.G.S. § 47a-31,
do not apply in this case.
Therefore under the facts of this case the statutes C.G.S. § 47a-23
and § 47a-23(a), compels the service of a notice to quit. Marrinan v.CT Page 1275-IHamer, supra 103.
There may be other salutary purposes of a notice to quit, but the only legal purpose is to unequivocally terminate a lease in conformity with statutory requirements. Webb v. Ambler, 125 Conn. 543, 550
(1939). Other purposes of a notice to quit appear to be, (a) five days notice inclusive of both terminal days, to actually move out of the premises, C.G.S. § 47a-23(a), Pander v. French, 3 Conn. Cir. Ct. 383, 215 A.2d 690 (1965) (b) moving out within five days to avoid the commencement of a lawsuit, C.G.S. § 47a-23a(a) (c) an opportunity to make arrangements with the landlord to cure the default, which can be cured only with the landlord's consent, Bushnell Plaza Development Corporationv. Fazzano, supra 686, (d) to apprise the tenant of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction, Jefferson Garden Associates v. Greene, supra 143.
Statutory notice are required in matters other than summary process and Practice Book § 185 mandates that either the notice be recited in the complaint or a copy of the notice be answered to the complaint.
1) C.G.S. 13a-144 — defective highway. "The purpose of the statutorily CT Page 1275-J required notice is to allow the commissioner to perform a timely investigation of the facts upon which a claim is based." LoRusso v.Hill, 139 Conn. 554, 95 A.2d 698 (1953). In addition `statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.' Duguay v. Hopkins, 191 Conn. 222, 232, 464 A.2d 45 (1983)."Kuchinski v. Burns, 23 Conn. App. 198, 200 (1990) "The notice requirement of C.G.S. § 13a-144 is a time limitation and as such is a condition precedent to maintaining an action under the statute"Kuchinski v. Burns, supra 201.
2) C.G.S. § 7-465 — employee indemnity. "The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing as action for damages against the municipality is give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability." Fraser v. Henninger, 173 Conn. 52, 55 (1977)
3) C.G.S. § 49-42 — suit on a bond substituted for a mechanics lien. The 180 day notice must be given under C.G.S. § 49-42 and the notice must be recited in the complaint or a copy annexed thereto. "Failure to comply CT Page 1275-K with the rule leaves the complaint deficient in a vital particular."The Valley Oil Company, Inc. v. Alfred D. Barry, 18 Conn. Sup. 42, 43
(1952).
Therefore the holding that C.G.S. § 47a-23 and § 47a-23a compel the service of the notice to quit is consistent with rulings in other statutorily required notice situations.
PRACTICE BOOK SECTION 185 CAN ONLY BE COMPLIED WITH BY EITHER RECITINGTHE NOTICE IN THE COMPLAINT OR ANNEXING A COPY OF THE NOTICE TO THECOMPLAINT
The complaint in a summary process action is not by statute mandated to recite or annex the notice quit. C.G.S. § 47a-23a(a). The service of the notice to quit is mandatory C.G.S. § 47a-23(a) and (c),Webb v. Ambler, supra 553-554. Summary process provides a speedier method of litigation of the eviction action. C.G.S § 47a-26a, C.G.S.§ 52-122 and Practice Book § 114. The statutory scheme of summary process is to be strictly construed. Jo-Mark Sand Gravel Co. v. Pantanella,
supra 601.
Therefore based upon the above concepts and the strict compliance CT Page 1275-L required in summary process, Practice Book § 185 must be complied with.
The compliance with Practice 1995 Book § 185 by "reciting the notice in his complaint" needs no explanation and is not an issue here. The recitation of the actual language used in the notice to quit in a separate paragraph of the complaint will comply with Practice Book § 185. The plaintiff has failed to do this.
The plaintiff has also failed to "annex a copy thereto" as required by Practice Book § 185. Instead the plaintiff alleged in its complaint "On September 15, 1994 a notice to quit issued by the plaintiff as against the defendant based upon lapse of time was served on the defendant on September 16, 1994 and stated that the defendant has to remove himself from the premises on or before September 30, 1994, a copy of which notice is annexed here to as Exhibit A." The plaintiff did not annex Exhibit A, the notice to quit, to the complaint nor did the plaintiff serve upon the defendant copy of the complaint with the notice to quit annexed thereto. On its face those non compliances are in violation of Practice Book § 185.
It has been held that the complaint includes all exhibits attached CT Page 1275-M thereto. Redmond v. Matthies, 149 Conn. 423, 425-426 (1962). Utley v.Nolan 134 Conn. 376, 377 (1948). The complaint served without a notice to quit either recited in the complaint or a copy annexed thereto would deprive the tenant of the full basis upon which the eviction was being sought. The document which effected a termination of the lease, the notice to quit, would not be provided to the tenant. The tenant would not have the notice to quit to examine to determine if the notice was statutorily defective or untimely served.
The purpose of the notice to quit is to terminate the lease. The tenant should be able to examine the notice to quit immediately upon the service of the complaint in order to determine if the court has subject matter jurisdiction. In addition the Supreme Court has stated that one of the purposes of the notice to quit is to apprise the tenant of the "information a tenant needs to protect herself against premature, discriminatory or "arbitrary eviction." Jefferson Garden Associatesv. Greene, supra 143. "We therefore conclude that judicial appraisal of a landlord's compliance with both state and federal requirements for notices of termination must reflect the purposes that the notice were meant to serve". Jefferson Gardens Associates v. Greene, supra 145.
By failing to either recite in annex a copy thereto, the plaintiff CT Page 1275-N is in violation of Practice Book § 185. The plaintiffs complaint, not containing the notice to quit, is insufficient process and insufficient service of process. Practice Book § 143(4) and (5).
This finding is consistent with other forms of non compliance with Practice Book § 185. Berkeley v. Berkeley, 152 Conn. 398, 404-405
(1965,) failure to annex a copy at the will in a probate appeal in violation of Practice Book § 91 (now Practice Book § 141) deprived the court of an ability to rule on demurrer. Barteis v. Windsor,134 Conn. 569, 571 (1948), merely alleging in a highway defect case that "a copy of which will be filed and marked as Exhibit A" without at any time filing a copy of the notice with the court, could not prevent the entry of a non suit at trial when the original notice was than offered into evidence. Tehrani v. Century Medical Center, 7 Conn. App. 301, 307
(1986). In dicta the notice to quit allegations in the complaint must comply with Practice Book § 185. Practice Book Forms 704-10, 704.11,Stephenson Conn. Civ. Proc., 97(c).
COMPLIANCE WITH PRACTICE BOOK SECTION 141 DOES NOT CURE THE NONCOMPLIANCE WITH PRACTICE BOOK SECTION 185
Upon the filing of an appearance, plaintiff complied with CT Page 1275-O Practice Book § 141. It served a copy of the notice to quit marked Exhibit A in the complaint upon the defendant's appearing attorney in accordance with Practice Book § 120. The plaintiff then filed Exhibit A in court with proof of service on each appearing party.
At first reading it would appear that Practice Book § 185 and Practice Book § 141 are in conflict under the facts at this case. Where two statutes or regulations appear to conflict, they must be read so as to become a consistent body at law. Powers v. Ulichny, 185 Conn. 145,149 (1981).
Practice Book § 185 applies only to matters in which the action is based upon statute and that statute compels the giving of a notice. Compliance with Practice Book § 185 can be gained by either reciting the notice or annexing the notice.
Practice Book § 141 is not limited to the statutory proceedings with required statutory notice. Common usage of the Exhibit reference technique permitted in Practice Book § 141 is a lawsuit on a promissory note or contract. The reference to court costs in Practice Book § 141 demonstrates that the Practice Book § 141 is designed to reduce sheriffs CT Page 1275-P fees in the service of lengthy documents and the resulting costs that may be imposed on the defendant if it does not prevail in the litigation.
Furthermore Practice Book § 141 offers an alternative to the Practice Book § 185 requirement of reciting or annexing in its first sentence. If the Judges of the Superior Court meant to have Practice Book § 185 compliance by using the Exhibit technique of Practice Book § 141, it would have been easy to use the exact language of the third and fourth line of Practice Book § 141 in Practice Book § 185. By not doing so, both Practice Book sections can be read together as a consistent body of law. Practice Book § 185 applies only to statutory actions which require statutory notices and Practice Book § 141 applies to all other actions.
The Motion to Dismiss is granted due to insufficiency of process and insufficiency of service of process by failure of the complaint to comply with Practice Book Section 185.
BY THE COURT, CT Page 1275-Q
KEVIN TIERNEY, JUDGE