[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
On March 16, 1995, the plaintiff, New England Road, Inc. (New CT Page 5505 England), filed a summary process action against the defendants, Carl A. Neri, C A Development Co. (C A), Vincent Neri, Neri Construction Co., NEPP Inc., Neri Corp., and V A Developers, Inc.
The complaint alleges the following facts. On January 30, 1984,[1] Carl A. Neri and Alan A. Neri, d/b/a C A, entered into a lease with Shoreline Concrete Co. (Shoreline) for the use and occupancy of certain premises located at 35 Lumberton Road, Clinton, Connecticut. By the terms of the lease, Carl Neri and C A agreed to pay rent in the amount of $1,000.00 per month for the use and occupancy of the subject premises. On August 10, 1994, the plaintiff New England purchased the subject property from Shoreline, and therefore, succeeded to all of the rights of Shoreline in the aforementioned property.
The complaint further alleges that Carl Neri and C A failed to pay rent under the lease from June 1, 1994, through January 1, 1995. On January 24, 1995, New England sent C A and Carl Neri a Notice to Quit Possession wherein the plaintiff demanded that Carl Neri and C A vacate the subject property by February 15, 1995. Notwithstanding the Notice to Quit, Carl Neri and C A continue to possess and use the subject property.
The complaint further alleges that the plaintiff believes that the defendants Vincent Neri, Neri Construction Co., NEPP Inc., Neri Corp., and V A Developers, Inc., entered into an oral lease with Shoreline for the subject property on a month to month basis. Moreover, the oral lease with these defendants terminated either by lapse of time, or, due to non-payment of the rent due on January 1, 1995. On January 24, 1995, New England sent these defendants a Notice to Quit Possession of the subject property, informing the defendants that they had to vacate the property by February 15, 1995; however, the defendants still remain in possession of the property. Therefore, the plaintiff seeks a judgment for the immediate possession of the property, court costs, uses and occupancy payments, and any other relief the court deems equitable.
On April 7, 1995, the defendants filed a motion to dismiss the plaintiff's summary process action together with a memorandum of law and four exhibits. On April 18, 1995, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss. CT Page 5506
DISCUSSION
"The motion to dismiss [is] used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Barde v.Board of Trustees, 207 Conn. 59, 539 A.2d 1000 (1988). Moreover, caselaw has held that a motion to dismiss is the proper procedural vehicle to raise the doctrine of prior pending action since a court may decline to hear a matter if there is another action pending between the parties concerning the same issue before the court. Halpern v. Board of Education, 196 Conn. 647,495 A.2d 264 (1985).
When considering a motion to dismiss, the determination of whether the court has jurisdiction "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, 218 Conn. 531, 543,590 A.2d 914 (1991). Subject matter jurisdiction is the court's "competence to entertain the action before it . . ."; Vogel v.Vogel, 178 Conn. 358, 363, 422 A.2d 271 (1979); or, the court's "authority to adjudicate a particular type of legal controversy."Castro v. Viera, 207 Conn. 420, 430, 541 A.2d 1216 (1988). Therefore, the key to determine if the court has subject matter jurisdiction is to ascertain whether the court has the "competence" or "authority" to adjudicate certain controversies.
The defendants argue that the plaintiff's action should be dismissed because: (1) there is a prior pending action between the parties concerning the subject matter in question; (2) the plaintiff lacks standing to seek the relief requested; and, (3) the plaintiff failed to terminate the lease as a statutory condition precedent to bringing a summary process action.
The doctrine of prior pending action is a permissible ground for dismissal. Halpern v. Board of Education, supra196 Conn. 647. The defendants urge this court to dismiss this action because there is a prior pending action between the parties. The prior pending action, however, that the defendants rely upon as a ground for dismissing this action, was itself dismissed on April 20, 1995.[2] The now non-existent prior pending action was dismissed because the plaintiff failed to comply with previous track orders. Therefore, the court will not dismiss this action on the basis of the prior pending action doctrine because there is no prior pending action. CT Page 5507
The defendants next argue that the action should be dismissed because the plaintiff is not the owner of the subject property, and therefore, does not have standing to seek the eviction of the defendants and the possession of the property. The defendants claim that, in accordance with the terms of the lease, C A exercised an option to purchase the subject property with both Shoreline and New England. Thus, the defendants argue that C A has an equitable interest of ownership in the subject property sufficient to defeat the plaintiff's claim to ownership.
The determination of whether the court has jurisdiction "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, supra, 218 Conn. 543. The plaintiff has alleged in its complaint that it purchased the property from Shoreline on August 10, 1994. Assuming this to be true, the plaintiff is entitled to the rent due under the lease entered into between the defendants and the previous owner of the property, Shoreline. Clearly the failure to pay rent, as alleged by the plaintiff, is a statutory ground for an owner to institute a summary process action. See C.G.S. § 47a-23a.
The defendants claim, however, that C A possesses an equitable interest in the subject property sufficient to defeat any claim to title in the property the plaintiff may assert. While this may also be true, such assertion is not the ground to dismiss the plaintiff's complaint. "[E]quitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding." Fellows v. Martin, 217 Conn. 57,62-63, 584 A.2d 458 (1991). As to whether the issue should be raised in a general or special denial; See Waterbury Clock Co. v.Irion, 71 Conn. 254, 259, 41 A. 827 (1898); Stevens v. Smoker,84 Conn. 569, 80 A. 788 (1911); or, as a counterclaim, is a decision for the defendants. The court, however, has subject matter jurisdiction to hear this matter. See also C.G.S. § 47-31
(Actions to Quiet Title).
The defendants' final ground to dismiss the plaintiff's action is that the plaintiff failed to comply with the statutory requirements for a summary process action. In particular, the defendants claim that the Notice to Quit issued by the plaintiff failed to terminate the lease.
The plaintiff issued to each defendant two separate Notices CT Page 5508 to Quit, each with a separate stated reason for the Notice to Quit. The defendant argues that the plaintiff's second Notice to Quit renders the first Notice to Quit a nullity, and thus, any termination of the tenancy must be determined from the second Notice to Quit. The defendants argue that the second Notice to Quit has not terminated the tenancy. Therefore, the defendants argue that the court lacks subject matter jurisdiction because the lease has not been terminated.
"Summary process is preceded by giving the statutorily required notice to quit possession to the tenant." HousingAuthority v. Harris, 28 Conn. App. 684, 689, 611 A.2d 934 (1992). A Notice to Quit that meets the requirements of the statute terminates the lease. See Marrinan v. Hamer, 5 Conn. App. 101,104, 497 A.2d 67 (1985). The defendants are not claiming that the first Notices to Quit served by the plaintiff in this action were deficient. Therefore, it appearing that the first Notices to Quit were in fact sufficient under the statutory requirements, the first Notices to Quit terminated the lease. See id. Accordingly, the court has jurisdiction over this matter because the lease has been terminated by the first Notices to Quit as required as a condition precedent to bringing a summary process action. Id.; see also C.G.S. § 47a-23.
Accordingly, the defendants' motion to dismiss the plaintiff's complaint is denied.
JOHN WALSH, J.