[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Section 151 et seq. of the Connecticut Practice Book, the defendants have moved to strike the plaintiffs' complaint, a summary process action, for the following reasons:
The defendant has a written lease with the plaintiff under the Section 8 moderate rehabilitation program. Pursuant to the CT Page 12436 lease and federal law the plaintiff may only terminate the lease for good cause. Termination of the lease based on lapse of time does not, according to the defendants, constitute "good cause" under federal law. The notice to quit issued to the defendants is ineffective to terminate the lease for lapse of time because it did not give the defendants until the end of the lease term to vacate the premises.
With respect to the second count of the complaint which is based on breach of the lease agreement, the defendants contend that General Statute § 47a-15 requires the plaintiff to cause a pretermination notice to be served on the defendants, giving them the opportunity to cure the breach within 21 days before terminating the lease for material noncompliance. Further the defendants contend that Practice Book section 185 requires notices mandated by statute to be alleged and attached or recited in the complaint and that the plaintiffs failed to do so.
 I.
The applicable principles of Connecticut law are codified in General Statute 47a-23, and the procedures that are required for a valid eviction are set forth in General Statute 47a-15. In addition, a landlord who seeks to evict a tenant from this Section 8 Moderate Rehabilitation Program apartment complex on Cleveland Street in Putnam must comply with the applicable federal regulations. These regulations apply because the apartments are part of a housing project that was originally constructed with the assistance of a mortgage provided pursuant to section 236 of the National Housing Act; 12 U.S.C. § 1715z-1; and that currently receives rent subsidies under section 8 of the Housing and Community Development Act of 1974.42 U.S.C. § 1437f. It is alleged that the State of Connecticut Department of Housing pays $464 per month for the rental of the premises and the defendants pay $21 per month of the $485 monthly rent.
Before the court addresses each of these alleged defects, it is necessary to identify the standards by which to test the adequacy of the termination notices sent to the defendants in this case.
"[T]he remedy of summary process is available only when there is a lease and it has been terminated. The purpose of the action is to enable the landlord upon such termination to recover possession from the tenant. . . . Because of the summary nature CT Page 12437 of this remedy, the statute granting it has been narrowly construed and strictly followed." Jo-Mark Sand Gravel Co. v.Pantanella, 139 Conn. 598, 600-601, 96 A.2d 217 (1953); see alsoMarrinan v. Hamer, 5 Conn. App. 101, 103, 497 A.2d 67 (1985). It follows that, before a landlord may pursue its statutory remedy of summary process under 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 133 (1987), (hereinafter refered [referred] to as "Jefferson Garden").
 II.
When a landlord decides to terminate a lease by lapse of time to gain possession of the premises, he or she must serve a notice to quit in accordance with General Statutes § 47a-23 on the tenant. Service of a valid notice to quit is a statutory prerequisite to the commencement of a summary process action, O'Keefe v. AtlanticRefining Co., 132 Conn. 613 (1946). § 47a-23 provides in relevant part as follows:
 . . . the owner or lessor . . . shall give notice to each lessee or occupant to quit possession of such . . . apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy.
In this case, the plaintiff has alleged in the First Count of the complaint that the defendant had a Section 8 lease commencing January 1, 1995. Section 8 leases do not have a termination date nor has the plaintiff alleged a termination date.
A month to month lease commences on the first day of a calendar month and terminates on the final day of that month. A tenant has the right to occupy the premises until the last day of that month. Therefore, a notice to quit may not order a tenant to vacate prior to the expiration of the month when the reason for the termination is lapse of time. CT Page 12438
This rule was set forth in a Superior Court Housing Division case, Tehrani v. Century Medical Center, No. SPNO 8401-02457 at 4 (SNBR #201) (1985), . . the new tenancy is for the month and ends the last day of the month so that the notice to quit must give the first day of the following month for the tenant to vacate. aff'd, 7 Conn. App. 301,518 A.2d 894 (1986). See also, Chorney v. McKinney, No. SPNH 8112-494NH, N.H. #19, (1982).
A notice to quit based on termination must provide at least eight days notice, and it must have a quitting date not prior to the expiration of the lease; Metcalf v. Way, 10 CLT, No. 5, p. 19, (Sept. 27, 1983); "[A]ssuming arguendo that a lease was in effect, it would be improper for a landlord to terminate an oral month to month lease before the expiration of the full term of the lease".
The notice to quit in the case at bar was served on May 11, 1995 and ordered the tenant to vacate on or before May 27, 1995. The 27th of May is prior to the last day of the month and does not allow the defendant to remain throughout the lease term as required by Tehrani, supra. The notice to quit is therefore defective as to Count One of the complaint.
Service of a valid notice to quit is an essential condition pre-requisite to the commencement of a summary process action. O'Keefe v. Atlantic Refining Co., supra;Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 631 (1985). Because of the summary and statutory nature of the remedy, the summary process statute must be narrowly construed and strictly followed. Jefferson Garden, supra at 143. Since this action is based on a defective notice to quit, it fails to state a cause of action upon which relief can be granted.
 III.
The defendants next claim that the mere lapse of time does not constitute good cause for the eviction of a tenant under Section 8 leasing.
"[B]efore a landlord may pursue its statutory remedy of summary process under § 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination for a CT Page 12439 lease." Jefferson Garden supra. Section 8 leases, in this case, under the Section 8 moderate rehabilitation program, are governed by federal law and may only be terminated in accordance with federal regulations and the terms of the lease. 24 C.F.R. § 882.759 and 247. Federal regulations at24 C.F.R. § 247.3(a) explicitly state:
 No termination by a landlord under paragraph (a)(1) or (2) of this section shall be valid to the extent it is based upon a rental agreement or a provision of state law permitting termination of a tenancy without good cause.
Paragraph 15 of the lease (attached to the Complaint as Exhibit A) provides the same prohibition as expressed in the federal law. 24 C.F.R. § 882.215(c) provides:
 (1) the owner shall not terminate the tenancy except for: (i) Serious or repeated violations of the terms and conditions of the Lease; (ii) Violations of Federal, State or Local law which impose obligations on tenant in connection with occupancy or use of the the dwelling unit. . .; (iii) Other good cause."
It is clear from a reading of the foregoing, that "good cause" as that term is used in the federal regulations means something very serious and not merely an isolated or insubstantial matter. The issue of whether a lapse of time constitutes good cause has been addressed by the housing session of the Superior Court. The decisions have held that lapse of time, without any other allegations of "good cause," is not a permissible ground for termination of the lease under federal law. Ryan v. Gordon, CV19-3184 (June 12, 1989), Insurance City Management v. Oliver, 8502-26966 Hartford Housing Session #656 (June 1985 Satter, J.). This court further supports these earlier cases by specifically finding that in a section 8 lease where there is no termination date set forth, the lapse of time alone does not constitute a serious or repeated violation of the terms and conditions of the lease; a violation of a law which imposes obligations on the tenant in connection with occupancy or use of the dwelling; nor does the lapse of time constitute "other good cause" as that term is used in the federal CT Page 12440 regulations. The first count of the complaint which relies on the lapse of time of the lease for the reason to terminate the lease is therefore appropriately subject to a motion to strike.
 IV.
The defendants next maintain that the failure to plead compliance with the notice requirement of § 47a-15 renders the complaint insufficient. It is well established that a landlord must comply with the requirements of both state and federal law for termination of a federally subsidized tenancy. See, e.g., Jefferson Garden, supra. In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised them of the information a tenant needs to protect themselves against premature, discriminatory or arbitrary eviction. Joy v. Daniels,479 F.2d 1236, 1241 (4th Cir. 1973); Anderson v. Denny,365 F. Sup. 1254, 1260 (W.D.Va. 1973); Apartments, Inc. v.Williams, 43 N.C. App. 648, 651, 260 S.E.2d 146 (1979). To further this salutary purpose, the notice requirements of47a-15 must be construed strictly. Jo-Mark Sand Gravel Co.v. Pantanella, supra. Strict construction does not, however, require ritualistic compliance with statutory or regulatory mandates. Jefferson Gardens, supra p. 143. However, since General Statute § 47a-15 is remedial in nature, the statute should be liberally construed in favor of those intended to be benefitted [benefited]. Muha v. United Oil Co.,180 Conn. 720, 728, 433 A.2d 1009 (1980).
The court finds that the plaintiff has not complied with the state requirements for terminating a tenancy for noncompliance with the lease. General Statute § 47a-15
states:
 Prior to the commencement of a summary process action, . . . if there is a material noncompliance with Section 47a-11 . . . or if there is a material noncompliance by the tenant with the rental agreement . . . the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. CT Page 12441 If such breach can be remedied by repair by the tenant or payment of such damages by the tenant to the landlord, and such breach is not remedied within twenty-one days, the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of such damages and the tenant adequately remedies the breach within such twenty-one day period, the rental agreement shall not terminate . . .
In Marrinan v. Hamer, 5 Conn. App. 101 (1985), the Appellate Court affirmed the rule set forth in KapaAssociates v. Flores, 35 Conn. Sup. 274 (1979), that a § 47a-15
notice must be served before a summary process action, based on noncompliance with a lease agreement is commenced. Since there is no allegation that the defendants herein received proper notice of the breach, the notice to quit is invalid and the complaint must be stricken.
The General Assembly corrected any ambiguity which may have previously existed regarding whether or not the requirements of § 47a-15 are mandatory, Public Act 89-254, § 4 changed the "may," referred to in Kapa Associates v. Flores,supra, to "shall". The purpose of the statute is clear. Failure to set out all required notices would undercut the statute's reconciliation policy. See Branford, NorthCondominium Development, Inc. v. Beermnender, 8 CLT No. 25 (NH#22, Jan 20, 1982). See also Practice Book Form 701.1.
The plaintiff, in his brief, argues that the holding ofJefferson Garden supports his position that the preconditions for a summary process action have been met in the notice to quit. He argues that ". . not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process."
The court agrees with that proposition. But the plaintiffs' reliance on the Jefferson Garden case is misplaced. In Jefferson Garden, the many notices to the tenant of the lease violations (keeping a doberman pinscher in an apartment with a "no pets" provision in the lease) occurred repeatedly over months before the actual notice to quit was served on the defendant by hand and by mail. The violations of the lease provisions were clearly and CT Page 12442 specifically set forth in the notice. In this case, if there was specific and adequate notice of the violations of the lease, those notifications do not appear of record (although there is an oblique reference to a notice on February 11, 1995). A mere reference to the word "noise" is wholly inadequate to explain a material noncompliance with a lease. Neither does the mention of the word "noise" comply with the requirement that "a landlord must show that the notices given to the tenant apprised them of the information a tenant needs to protect themselves against premature, discriminatory or arbitrary eviction". Joy v. Daniels,
supra.
The plaintiff was obligated to provide the defendant with a termination notice that complied with 24 C.F.R. § 450.4 (a). That regulation requires proper service of a written notice informing the tenant of: (1) the date "the tenancy is terminated"; (2) the reasons for the landlord's action; and (3) the tenant's right to present a defense if a judicial proceeding for eviction is instituted.
CONCLUSION
The notice to quit is defective as to Count One of the complaint for reasons previously set forth. The court finds that the plaintiff has not complied with the state requirements for terminating a tenancy for noncompliance with the lease. The court further finds that the notice to quit served upon the defendants in this case did not adequately advise the defendants of the reasons for the landlord's actions and the form did not adequately notify the defendants of their right to present a defense to any subsequent judicial proceedings.
For the foregoing reasons the Motion to Strike this summary process action is granted.
THE COURT
Foley, J. CT Page 12443