[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 16, 1997
This is a summary process action brought by a condominium association against a tenant pursuant to § 47-244 (d)(3) of the General Statutes (P.A. 95-187 Sec. 16(d)(3)). The defendant has moved to dismiss on the ground that the thirty-day notice requirement of § 47a-15 has not been observed.
The applicable facts are not in dispute. The pretermination notice gave the defendant twenty-one days to correct alleged violations of the bylaws, rules and regulations of the condominium association: if they were not corrected, the association would bring a summary process action. The plaintiff claims that twenty-one day notice is more than adequate pursuant to § 47-244 (e); the defendant claims that the thirty day requirement of § 47a-15 is applicable.
It is true that there is an apparent conflict between §47a-15 and § 47-244 (e). The latter section, enacted as part of P.A 95-187, which act generally expanded the powers of condominium associations, provides that a condominium association can resort to summary process actions only if the tenant fails to correct alleged violations within ten days after notice. Section47a-15, on the other hand, requires a thirty day grace period in which the tenant may correct defects before a summary process action may be instituted. Perhaps significantly, the immediately CT Page 694-JJJ preceding section of P.A 95-187, now codified as § 47-244
(d)(3) of the General Statutes, enables the condominium association to enforce rights regarding violations which "the unit owner as landlord could lawfully have exercised under the lease, including any such right to bring a summary process action under Chapter 832."
I believe that the thirty day requirement of § 47a-15
ought to apply. The language of § 47-244 (d)(3) allows the association to step into the shoes of the owner for some purposes, including the bringing of a summary process action. It would certainly seem that the association would not thereby obtain greater rights than the owner of the unit. Second, there is, in strict logic, no conflict between the two statutes if the thirty day requirement is applicable: § 47-244 (e) simply indicates that a summary process action may not be brought within ten days, not that it must be brought before thirty days, after notice of the alleged violations and opportunity to correct.
As the pretermination notice did not advise the defendant that she had thirty days within which to correct the claimed violations, the motion to dismiss is granted. See Marrinan v.Hamer, 5 Conn. App. 101, 104 (1985); Kapa Associates v. Flores,35 Conn. Sup. 274, 278 (Spada, J., 1979).[1]
CT Page 694-KKK
BEACH, J.