[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. PROCEDURAL HISTORY
The defendant tenants have filed a Motion to Dismiss.
The defendants were served with a Notice to Quit on February 11, 1999 for nonpayment of rent which provides for a termination date of February 15, 1999. Defendants claim that said Notice to Quit is defective since February 15, 1999 was a legal holiday. They claim that since they were served the complaint on February 16, 1999, the service is defective. Plaintiffs argue that since the service was made on February 11, 1999, with a termination date of February 15, 1999, they have complied with the statute.
II. LAW
Connecticut General Statutes § 47a-23(a) provides, in relevant part:
When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building . . . and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons. . . . (D) non-payment of rent . . . such owner or lessor . . . shall give notice to each lessee or occupant to quit possession or occupancy or such land, building, apartment or CT Page 2782 dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupancy to quit possession or occupancy.
It has been held that because of the summary nature of the remedy, the summary process statute must be narrowly construed and strictly followed. Southland Corporation v. Vernon,1 Conn. App. 439, 452, 473 A.2d 318 (1984). The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action. Windsor Properties v. GreatAtlantic Pacific Tea Co., 35 Conn. Sup. 297, 301, 408 A.2d 936
(1979).
The statutory Notice to Quit possession of leased premises is a condition precedent to the bringing of a summary process action by the lessor. O'Keefe v. Atlantic Refining Co., 132 Conn. 613,622, 46 A.2d 343 (1946). Defendants have argued that the Notice to Quit is defective because the last day of their notice was February 15, 1999, which was a legal holiday.
In the case of Pander v. French, 3 Conn. Cir. Ct. 383 (1965), the plaintiff argued that the computation of his Notice to Quit should be extended because the final day in the notice was a Sunday. In its rejection of this argument, the court opined, at page 385:
 [T]he plaintiff overlooks the fact that the limitation upon the time specified in the notice was fixed by him. Thus, if there is any uncertainty in the time named in the notice, the doubt, if any, must be resolved against the person giving the notice. . . . We fail to find clear-cut authority or a legislative intent to exclude Sunday from the computation under . . . the General Statutes. [Citations omitted.]
A fortiori, any claim that the notice should be extended because the last day falls on a legal holiday is unavailing. A Notice to Quit is not similar to a situation in the court where a clerk's office may be closed on a holiday so that the time period for filing legal papers is extended to the next business day. There is no necessity for court intervention on the last day of a Notice to Quit. The parties either vacate the premises or they remain. The fact that the last day of the notice falls on a Sunday or legal holiday has no effect upon the computation. CT Page 2783
In view of the fact that the defendants were served on February 11, 1999, with a termination date of February 15, 1999, the plaintiffs have complied with the statute, as amended on October 1, 1999, by providing three full days notice.
Defendants claim, in the alternative, that the matter should be dismissed since the plaintiffs never received a certificate of occupancy. In view of the fact that no testimony was offered in this regard, and no cases cited to support the claims, the Court has no basis to consider a dismissal on this ground.
III. CONCLUSION
Based on the foregoing reasons, the defendants' Motion to Dismiss is hereby denied.
Dennis G. Eveleigh, Judge