## KAPA ASSOCIATES v. CANDIDA FLORES

SUPERIOR COURT

HOUSING SESSION

JUDICIAL DISTRICT OF HARTFORD-NEW BRITAIN AT HARTFORD

FILE No. SP-H-7903-745-HD

Memorandum filed May 14, 1979

*Paul M. Palten,* for the plaintiff.

*Robert J. Kor,* for the defendant.

SPADA, J. The plaintiff landlord seeks possession of an apartment dwelling unit by way of a summary process complaint which alleges a termination of lease and the commission of a nuisance. The defendant's status is that of a tenant on an oral month-to-month lease. A motion to dismiss was filed contending that the complaint failed to meet the requirements of § 47a-15[1] of the General Statutes.

The issue raised by the present motion is one of first impression within Connecticut. No published decisions related to this issue have been found. Essentially, the tenant seeks a "second bite of the apple." She argues that by enacting § 47a-15 the legislature allowed an errant tenant one opportunity to redeem himself, thereby precluding the onerous consequences of a dispossession. In the present case, the tenant charges that a summary process complaint alleging either a material breach of the rental agreement or a nuisance requires compliance with the notice requirement of § 47a-15. In the case at hand, the plaintiff alleged both a termination of the lease and a nuisance but failed to allege satisfaction of the notice requirements of § 47a-15.

[1] "[General Statutes (Rev. to 1979)] Sec. 47a-15. NONCOMPLIANCE BY TENANT. LANDLORD'S REMEDIES. Except in the case in which the landlord elects to proceed under section 47a-23, for the nonpayment of rent, if there is a material noncompliance with section 47a-11, which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, the landlord may deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one day period, the rental agreement shall not terminate . . . ."

The original complaint, a preprinted form, seeks possession for nonpayment of rent. The notice to quit charged nuisance as the grounds for the eviction. In compliance with a request to revise, the plaintiff submitted a revised complaint alleging breach of the rental agreement in that "the defendant underlet a portion of said premises." Additionally, the revised complaint alleged a termination of the lease and the commission of a "nuisance in that she used excessive hot water and maintained the apartment in an unclean manner." Nowhere does the revised complaint allude to the remedial thirty-day notice period prescribed by § 47a-15.

Prior to reaching the principal issue, the court will address several points raised in oral argument. The plaintiff contended that the present motion was untimely in that it was filed more than fifteen days after the defendant's appearance. Practice Book, 1978, § 142. The fifteen-day period is, however, tolled where, as here, the claim is lack of jurisdiction over the subject matter. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book, 1978, § 145.

The plaintiff further argues that the allegation of termination of the lease preempted the application of § 47a-15, supra. Standing alone, this would be a correct statement of the law. The plaintiff cannot, however, benefit from it in this case. The notice to quit charged a nuisance. The revised complaint incorporated a termination of lease allegation, thereby placing it in variance with the notice to quit. The legal consequences which flow from the finding of either a nuisance or a termination of lease are significantly different. See General Statutes § 47a-36. There is a paucity of authority on this

subject. The national treatises appear to hold that at common law a variance between the notice to quit and the complaint was not critical. 3A Thompson, Real Property, § 1356.

The Connecticut Supreme Court, in *Vogel* v. *Bacus,* 133 Conn. 95, held that a notice to quit describing an address different from that contained in the complaint was invalid. In *Webb* v. *Ambler,* 125 Conn. 543, the same court held that the notice to quit is the basis for the inauguration of a summary process action. In view of the variance between the notice to quit and the complaint herein, the plaintiff is estopped from proceeding on its termination of lease charge.

Section 47a-15 is entitled "Noncompliance by tenant. Landlord's remedies." It was originally enacted as Public Acts, 1976, No. 76-95, and refers to three separate landlord-tenant statutes contained in title 47a of the General Statutes. A search of the legislative archives discloses no expression of legislative intent to assist the court in the construction of the subject statute. It is clear that § 47a-15 does not apply to summary process complaints based on termination of lease or nonpayment of rent. The court holds, however, that § 47a-15 does apply where the tenant is charged with either a material noncompliance with § 47a-11 of the General Statutes, entitled "Tenant's duties and responsibilities," or a material noncompliance with either the rental agreement or the rules and regulations adopted pursuant to § 47a-9 of the General Statutes, entitled "Landlord rules and regulations." In the revised complaint, the plaintiff's allegations of excessive use of hot water, the unauthorized underletting of a portion of the premises, and the maintenance of an unclean apartment clearly bring the case within the parameters of § 47a-15.

The language of the statute is clear and unequivocal. It creates a thirty-day reconciliation period, allowing errant tenants to remedy their first miscue within twenty-one days of the termination notice. The legislative purpose of the statute is manifest on its face. It is to discourage and foreclose evictions against "first offenders." This is yet another example of permissible legislative modification of the common law. The statute legislates social policy by suspending the machinery of the summary process. This purpose is underscored by the removal of this "suspension" upon the reoccurrence of the violation within a six-month period.[2]

Upon remedy of the breach by the tenant within the statutory time framework, the rental agreement remains in effect. The statutory right to this remedy is available to tenants under both written and oral leases. The condition precedent to a remedy of the breach by the tenant is the receipt of a "written notice . . . specifying the acts or omissions." The failure of the plaintiff to allege the delivery of a written notice is fatal to its complaint.

Longstanding principles of statutory construction mandate that effect must be given to the intention of the legislature, that intent is ascertained by the wording used in the statute, and that if the language of the statute is clear and unambiguous, its meaning cannot be subject to modification by construction. *Colli* v. *Real Estate Commission*, 169 Conn. 445. "It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to

---

[2] "[I]f substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of section 47a-23." General Statutes § 47a-15 (Rev. to 1979).

be ascertained from the language of the statute itself, if the language is plain and unambiguous." *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73.

The statute in issue refers to three separate statutes,[3] all relating to landlord-tenant relations. When read together they form a consistent mosaic, each dependent upon the other to form a comprehensible order of statutory law on the subject of landlord-tenant relations. Under settled rules of statutory construction, statutes on the same subject matter should be construed in a manner that harmonizes the law so as to make one consistent body of law. *Cicala* v. *Administrator,* 161 Conn. 362. The court applies to the statute at hand the presumption that "the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law." *Hurlbut* v. *Lemelin,* supra, 74.

The plaintiff contends that the use of the word "may" instead of "shall" in the statute in effect renders the requirement of notice directory rather than mandatory. The court does not agree. The word "may" is to be construed as "shall" when necessary to effect manifest legislative intent. *Miller* v. *Phoenix State Bank & Trust Co.,* 138 Conn. 12. To adopt the plaintiff's posture would render superfluous the subject statute. If the statute is to have no application in this instance, then it can have no application in any instance. The court does not believe that the legislature intended to joust at windmills in enacting § 47a-15 of the General Statutes. "Courts must assume that the legislature intended a reasonable and rational result and must, when possible, construe statutes accordingly." *Masone* v. *Zoning Board,* 148 Conn. 551, 556.

Accordingly, for the reasons stated herein, the motion to dismiss is granted.

---

[3] General Statutes §§ 47a-9, 47a-11, and 47a-23.