[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
A.
The defendant has moved to strike the plaintiff's complaint in the above captioned summary process case on the grounds that the allegations of the complaint are at variance with those in the notice to quit. Essentially, the defendant argues, the notice to quit alleges lapse of time while the complaint alleges statutory violations and the failure to CT Page 2924 respect the rights of others. If true, this would be a material and fatal variance. Kapa Associates v. Flores, 35 Conn. Sup. 274,276 (1979).
A review of the notice to quit reveals that two reasons were submitted for the termination of the lease: "expiration . . . by lapse of time and failure to correct violation of paragraph 9 Subsection (a)(b), and (c) of your expired lease pursuant to your predetermination notice dated December 14, 1989." The latter notice which was attached to the Notice to Quit further provides that the reason for the termination, the violation of the particular portion of the lease, was "your conduct on the premises which is a violation of Federal, State and/or Local law and for not respecting the rights of other residents to privacy, safety, security and peaceful enjoyment." (sic). That notice is commonly referred to as a KAPA notice pursuant to Kapa v. Flores, supra, and such notices are issued pursuant to General Statutes 47a-15 to give the tenant the right to correct certain violations of a lease. The court notes that the issue of whether the KAPA notice was proper was not raised by the defendant. Rather the defendant argued that the notice or notices were at variance with the complaint. This court finds that when read together, they certainly provide a basis for the 47a-15 second count of the complaint. This court finds no material variance.
 B.
This preliminary finding does not end the court's review of the above referenced notices however. Due to the summary nature of this statutory proceeding, the summary process statute has been narrowly construed and strictly followed. Jo-Mark Sand and Gravel Co. v. Pontanella, 139 Conn. 598, 600
(1953). Moreover, "a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson Garden Associates v. Greene, 202 Conn. 128,143 (1987).
As previously discussed, the Notice to Quit advises the defendant that the lease is terminated due to lapse of time and due to a violation of Section nine, Subsections (a), (b) and (c). The KAPA notice added that it was due to not respecting the rights of others in their privacy, safety, security, or peaceful enjoyment. This court is concerned as to whether either notice provides sufficient information to the tenant to defend an action brought under General Statutes 47a-23. In Jefferson Garden Associates v. Greene, supra, 134 (1987), the notice referred to a violation of the lease section prohibiting pets. In the present case there is no factual explanation as to CT Page 2925 exactly what is the violation of Section nine. We know only that it concerns the failure to respect the rights of others.
In Housing Authority of the Town of East Hartford v. Schub, No. SP-H-8010-8299, December 15, 1980 (H 262), Judge Spada granted a Motion to Dismiss when the plaintiff failed to provide sufficient information in a Notice to Quit based on General Statutes 47a-15. He essentially found that the requirement of specificity is required to "allow the errant tenant the opportunity to redeem himself thereby obviating the draconian consequences of an eviction."
Judge Aronson ruled similarly in Parkridge Apartments v. McGann, No. SPH 8408-24518 (September 26, 1984) (H571) when he rejected a notice which alleged only that the defendant's conduct was "detrimental to the health and safety of other tenants." He reiterated that the General Statutes 47a-15 notice must be clear, unambiguous and specific.
In Housing Authority of the City of Ansonia v. McDonald January 1, 1989 (TC 219), Sequino, J. ruled that a KAPA notice that alleges that the tenant disturbs the neighbors' peaceful enjoyment of their accommodations "does not provide the specificity required to constitute a valid notice to quit. The court believes that the notice herein suffers from the same lack of information. What conduct did not respect the rights of others: an argument in the hall, having a faulty muffler in her car, playing the stereo too loudly or her son's practicing his trumpet. A tenant should not be forced to guess the actual reason for the summary process action. Bushnell Plaza Development Corp. v. Brett, SPH-8501-26883 (May 15, 1985) (H 650) (Goldstein, J.).
General Statutes 47a-23 (b) provides the form for a Notice to Quit. It specifically mentions stating the reasons. Representative Richard Tulisano in discussing P.A. 81-237, which added the "reason" requirement to the Notice to Quit stated:
 "There are a number of reasons why one may be evicted, including non-payment of rent or failure to comply with the terms of the tenancy, both of which have different appeal sections and different stay periods if the matter finally goes to conclusion. Now this would give the tenant the ability to know what the defense would be and what they were being evicted for so they will properly prepare a defense."
CT Page 2926
House Proceedings, May 14, 1981, p. 5203.
A notice requirement in any legal proceeding must meet certain basic tests. Our Supreme Court has said, "the inquiry always is: Does the notice reasonably protect the interests of the defendant under the particular circumstances of the case?" Schaap v. Meriden, 139 Conn. 254, 256 (1952). The court does not believe that the present notice contains sufficient information. Thus, the notice does not satisfy the reason requirement of General Statutes 47a-15 or 23(b) and the Motion to Strike the Second Count may be granted.
BERGER, J.