[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION TO STRIKE
On November 9, 1994, plaintiff First Meadowbrook Co-op, CT Page 1198-I Inc., filed a one count complaint against defendant Eileen Linder seeking a judgment for possession of the property which the defendant now occupies because, allegedly, the defendant, in violation of Article 21 of her Occupancy Agreement[1], harbored a cat at said premises. On November 16, 1994, the plaintiff filed an amendment to the complaint that replaced every reference to a cat in the original complaint to that of a dog. On November 18, 1994, the defendant filed a motion to strike the plaintiff's complaint with an accompanying memorandum of law in support. On December 14, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike. Subsequently, the parties appeared, and the Court heard argument on the Motion to Strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The allegations are entitled to the same favorable construction as a trier would CT Page 1198-J be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "[F]acts . . . [are] construed in a manner most favorable to the pleader . . . . [A]ll well pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.) Amodio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1989).
In the present case the plaintiff, a cooperative housing corporation, is seeking to remove the defendant, a member of the housing cooperative, by summary process. Summary process is authorized under General Statutes § 47a-23 et seq. and made applicable to cooperatives via § 47a-24. The issue before this court is whether summary process is available to the plaintiff if the Cooperative's Occupancy Agreement did not specifically state that the Co-op has "the legal remedies available to a landlord for breach by a tenant of a provision of a lease or rental agreement" as the defendant claims is required under General Statutes § 47a-24. The defendant CT Page 1198-K argues in her motion to strike that since this specific language was not included in the Occupancy Agreement, she cannot be considered a lessee nor can the plaintiff be considered a lessor for purposes of summary process. The defendant further supports her argument by stating that the Occupancy Agreement was not labeled as a lease or rental agreement.
In opposing the motion to strike the plaintiff claims 1) that it sufficiently complied with the requirements of General Statutes § 47a-24 by listing remedies available to a landlord as opposed to stating specifically that they have the rights of a landlord and 2) that there is no requirement that the Occupancy Agreement contain language that it is a rental or lease agreement. General Statutes § 47a-24 states that
 [a]s used in this chapter, 1) `lessee or occupant' includes a member or shareholder of a cooperative housing corporation who occupies a dwelling unit in such corporation's premises pursuant to an agreement of occupancy, whether or not it is designated as a CT Page 1198-L lease or rental agreement, which agreement provides that, for breach by the member or shareholder of any provision of such agreement, the corporation shall have the legal remedies available to a landlord for breach by a tenant of a provision of a lease or rental agreement; and 2) `owner or lessor' includes any such cooperative housing corporation.
Research has revealed no cases which address the issue of whether a cooperative has to state specifically in its occupancy agreement that it has the legal remedies available to a landlord, rather than simply listing a landlord's remedies. The court notes that the applicable language in Section 47a-24 certainly informs a cooperative shareholder occupiers that he or she may be subject to removal by summary process or other remedy available to a landlord. The Court finds that the plaintiff merely has set out in the Occupancy Agreement remedies available by statute to a landlord.[2]
The Court finds that the defendant's argument that the CT Page 1198-M occupancy agreement should have been labeled as a rental or lease agreement is no more persuasive. General Statutes § 47a-24 specifically states that a member of a cooperative will be considered a lessee or occupant whether or not the occupancy agreement is listed as a lease or rental agreement.
Accordingly, the Court finds that the plaintiff has alleged sufficient facts to support its cause of action for summary process. Therefore, the defendant's motion to strike the plaintiff's complaint is denied.
Clarance J. Jones, Judge