[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This Motion to Dismiss in a residential summary process action raises the issue of what specificity is required in Notice to Quit based on the dual grounds of "nuisance" and "violation of lease" terms.
FACTS
The parties entered into a written lease for a two bedroom apartment; Apt 1E, 126 Hoyt Street, Stamford, Connecticut. The lease contained a clause preventing the maintenance of a dog on the premises. The lease also contained terms that the tenants must maintain their apartment in a clean and safe condition. During the lease term the landlord sent the tenants a letter pursuant to Connecticut General Statutes § 47a-15 notifying the defendants that "your rental agreement shall terminate thirty (30) days after receipt of this notice unless the conduct noted above shall cease within twenty-one (21) days of receipt of this notice to the satisfaction of your landlord." This letter was served on the defendants on June 22, 1995. On July 27, 1995 the plaintiff served a notice to quit on the defendants setting forth; "REASONS, NUISANCE and VIOLATION OF LEASE in that;
 1. You have failed to maintain your apartment in a clean and safe condition and such failure has resulted in your apartment being in violation of the housing CT Page 11215 and fire codes in that such failure materially affects the health and safety of the occupants of your apartment and other tenants in the apartment complex: and
 2. You maintain a dog on the leased premises in violation of the terms of the lease."
The identical language contained in these two paragraphs was contained in the June 22, 1995 "Kapa" notice letter.
The defendants have filed this Motion to Dismiss concerning the June 22, 1995 "Kapa" notice letter and the Notice to Quit claiming that they "are defective in that they failed to properly specify or describe the acts or omissions of misconduct upon which this summary process action is based. An equivocal and non specific pretermination letter and notice to quit deprives the court of jurisdiction."
DISCUSSION OF LAW
It is axiomatic that a defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs,209 Conn. 724, 728 (1989). The statutes regarding summary process must be narrowly construed and strictly followed.Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600-601
(1953). This rule also applies to the statutory requirement of the pretermination notice under Connecticut General Statutes§ 47a-15. Kapa Associates v. Flores, 35 Conn. Sup. 274, 278
(1979). Both the "Kapa" notice under Connecticut GeneralStatutes § 47a-15 and the notice to quit under ConnecticutGeneral Statutes § 47a-23 must be issued for a summary process eviction on the grounds of nuisance and/or violation of lease terms. Ossen v. Kreutzer, 19 Conn. App. 564, 569 (1989).Marrinan v. Hamer, 5 Conn. App. 101, 104 (1985). The notices must contain the requisite specificity to comply with the statutes. Southland Corporation v. Vernon, 1 Conn. App. 439,452 (1984), Thomas E. Golden Realty v. Society for Savings,31 Conn. App. 575, 580 (1993), Almagro v. Jackson, H-929, September 28, 1990 (Berger, J.). Bushnell Plaza Development Corp. v.Brett, H-650, May 15, 1985 (Goldstein, J.).
In this case the plaintiff is proceeding on "nuisance" as defined in Connecticut General Statutes § 47a-32; ConnecticutGeneral Statutes § 47a-23(a)(1)(G) and "violation of the rental CT Page 11216 agreement or lease," Connecticut General Statutes §47a-23(a)(1)(C). "Nuisance" is defined by statute as "any action of summary process based upon nuisance, that term shall be taken to include, but shall not be limited to, any conduct which interferes substantially with the comfort or safety of other tenants or occupants of the same or adjacent buildings or structures." Connecticut General Statutes § 47a-32. There is no separate statutory definition of "violation of the rental agreement or lease".
In either event a suit seeking summary process based on "nuisance" or "violation of the rental agreement or lease" must be preceded by a pretermination notice in full compliance with the statute and the case law interpreting the statute.Connecticut General Statutes § 47a-15. Kapa Associates v.Flores, supra 278. "If there is a material noncompliance by the tenant with the rental agreement" is the "Kapa" notice section dealing with violation of the rental agreement or lease.Connecticut General Statutes § 47a-15. Case law has held thatConnecticut General Statutes § 47a-15 applies to nuisance.Housing Authority of the City of Ansonia v. McDonald, TC-219, January 5, 1989 (Sequino, J.); Bushnell Plaza Development Corp.v. Brett, H-650, May 15, 1985 (Goldstein, J.). By statute no Kapa notice has to be given for non payment of rent, serious nuisance or drug involvement under Connecticut General Statutes§ 47a-11(h). Connecticut General Statutes § 47a-15.
Connecticut General Statutes § 47a-15 requires that the "Landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach". Twenty one days are to be given to the tenant so that the tenant can remedy the breach. The Supreme Court has stated that all notices given to the tenant by the landlord whether required by state statute or federal rules and regulations, must be specific. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson GardensAssociates v. Greene, 202 Conn. 128, 143 (1987). That rule has been tempered as follows: "When good cause for termination of the lease has clearly been shown, and when notices of termination have been sent in strict compliance the statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical CT Page 11217 dissection of the wording of the notices that he has sent."Jefferson Garden Associates v. Greene, supra 145.
A number of Housing Sessions cases discuss various attempts at compliance with the specificity requirements of ConnecticutGeneral Statutes § 47a-15 and the resulting specificity requirements of notices to quit based on nuisance and lease violations.
Housing Authority Town of Glastonbury v. Rankl, H-346, August 6, 1982 (Maloney, J.) ("violations of terms and conditions of lease section b, paragraph 1" held not to be sufficiently specific when the underlining violation was the tenant's permitting an unauthorized occupant to reside in the apartment).
Nikolaidis v. East Main Street Pizza House, Inc., H-788, November 24, 1986 (Goldstein, J.) (the notice to quit was held to be insufficient by alleging only "violation of condition of lease" when the underlying violation was tenant's unauthorized alteration of the premises without obtaining the landlord's prior permission).
Housing Authority of the City of Ansonia v. McDonald, TC-219, January 5, 1989 (Sequino, J.) (a Kapa notice that alleges that the tenant disturbed the neighbors' peaceful enjoyment of their accommodations "does not provide the specificity required to constitute a valid notice to quit").
Housing Authority of the City of Meriden v. Roman, CV-0942, February 10, 1987. (Nash, J.) (the notice to quit and pretermination notice were held to be insufficient by alleging violation of "lease, Article 4, Section A; Article 6, Section A, B, C, D, E, F, G, I, K, N, P, R, S" holding "the notice does not give the tenant any information as to the specific conduct which needs to be corrected to avoid eviction").
Housing Authority of the City of Bridgeport v. Rogers, SNBR-371, March 2, 1992 (Leheny, J.), 1992 Ct. Sup. 1930. ("violation of the lease rules and regulations adopted by the plaintiff" is an insufficient reason in a notice to quit even when the complaint alleged "a violation of the rider to the dwelling lease by virtue by illegal drug related criminal activities"). CT Page 11218
The Bank of Hartford, Inc. v. Bultron, H-997, December 3, 1992 (Holzberg, J.) (notice to quit merely stating "serious nuisance" when the underlying basis is the tenant's sale of drugs held defective).
The two competing rules of Jefferson Garden Associates v.Greene, were applied in the last four above cases. "Further the court finds that the reasons stated in the notice to quit are too general to serve the function of giving notice. Meaningful notice is a prerequisite for due process. It is not sufficient to apprise the defendant that he is in violation of the rules and regulations without specifically stating which particular paragraph or number of the rules and regulations he has violated. It is insufficient to state that the reason is serious nuisance as defined in § 47a-15. That section specifies four meanings. . . . The range of definitions alone is sufficient to negate the spirit of giving notice when no further description is given in the notice to quit." Housing Authorityof the City of Bridgeport v. Rogers, supra 2-3. "Such a notice, which lends itself to multiple interpretations, is defective for lack of specificity. A tenant is not required to guess the actual reason for the summary process action." The Bank ofHartford, Inc. v. Bultron, supra 14.
CONCLUSION
Reason one of the notice to quit and Kapa notice contains four specific phrases:
a) "You have failed to maintain". The words repair, construct, alter or create were not used. Therefore ordinary maintenance was lacking.
b) You have failed to maintain "your apartment in a clean and safe condition". This statement appears to be lifted from the tenant's statutory obligations under Connecticut GeneralStatutes § 47a-11(b), "keep such part of the premises that he occupies and uses as clean and safe as the condition of the premises permit."
c) The result of the tenants failure to maintain is that the apartment is "in violation of the housing and fire codes." Although the tenant's obligations by statute, ConnecticutGeneral Statutes § 47a-11(a), is to "comply with all obligations primarily imposed upon tenants by applicable provisions of any CT Page 11219 building, housing or fire code materially affecting health and safety," the landlord has specifically limited the "nuisance" and/or "lease violation" to the tenants failure of maintenance. The maintenance is so deficient as to be a code violation.
d) "Such failure materially affects the health and safety of occupants of your apartment and other tenants in the apartment complex". Although this is a part of the statutory definition of nuisance under Connecticut General Statutes §47a-32, it demonstrates to the tenant, that they have failed to keep the premises clean through the exercise of maintenance and that the conditions have gotten so bad that there are not only code violations but that the maintenance conditions have affected the health and safety of other tenants.
The plaintiff has coupled a number of words and phrases found in separate statutes with what is presumably the language of the lease. Together a reasonable person would conclude that the tenant's apartment is so dirty, filthy and unclean that it affects other tenants. The tenant is not being asked to perform any construction, cease and desist from any activities or prevent an unauthorized person from occupying the premises. The tenant is simply being asked to clean the premises and keep it clean. Every child knows what it means when Mom says "clean your room". The defendant claims the notice does not say what rooms need to be cleaned, what appliances need to be attended to and exactly what cleaning tasks have to be performed. This court wouldn't expect "Mom" to issue a more specific child's cleanliness order. This court will not require the plaintiff, landlord, to be more specific.
Under the circumstances of this case the plaintiff's notices are specific and in compliance with both statutes,Connecticut General Statutes § 47a-15 and Connecticut GeneralStatutes § 47a-23(a)(1)(C) and (G). The notices do not deprive the court of subject matter jurisdiction. Whether at trial the plaintiff can sustain its burden to show that the tenant's lack of maintenance rises to the level of a "nuisance" and affects other tenants and occupants of the building is another matter.
Reason two of the notice to quit and Kapa notice sets forth the fact that a dog is maintained on the premises in violation of the lease. Although the exact paragraph of the lease is not cited in the notice, it is a simple and straight forward task for the tenant to read the lease to determine if there is a "no CT Page 11220 pet" clause. A violation of a "no pet" clause of a lease upon proper compliance with "Kapa" notice requirements, and the failure of the tenant thereafter to remove a pet is grounds for eviction. Woodside Village v. Hertzmark, 36 Conn. App. 73, 80
(1994) H-1010, June 22, 1993 (Holzberg, J.)1993 Ct. Sup. 6328-B,8 CSCR 801; First Meadowbrook Co-op, Inc. v. Linder, NH-635, February 1, 1995 (Jones, J.), 1995 Ct. Sup. 1198-H.
Both reasons set forth in the "Kapa" notice and the notice to quit are sufficiently specific and do not render the notices in violation of the statutory requirements. The notices are not equivocal.
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE