[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE WHETHER THIS ACTION SHOULD BE DISMISSED FORPLAINTIFF'S ALLEGED NON COMPLIANCE WITH NOTICE REQUIREMENTS OF STATEAND FEDERAL LAW
The issues presented in this case are 1) whether the plaintiff's notices under Connecticut General Statutes Sections47a-15 and 47a-23 state violations of the lease, specific enough, as interpreted under the statute and Connecticut case law, to allow the defendants an opportunity to cure or defend themselves in a summary process action and 2) whether the plaintiff's notices are sufficient to provide this court with subject matter jurisdiction and to therefore overcome the defendants' Motion to Dismiss.
FACTS
On or about January 27, 1995, plaintiff Barkan Management Co., Inc., now plaintiff herein, and defendants Gregory and Mary Artis, now defendants herein, entered into a written lease and addendum for the defendants to lease apartment number three at 364 Putnam Avenue for the term January 27, 1995 through January 31, 1996.
The plaintiff sought to evict the defendants by serving four notices of termination, to wit 1) a notice of good cause; 2) a pretermination notice under Conn. Gen. Stat. Sec. 47a-15; 3) a notice of reminder; and 4) a notice to quit, issued pursuant to Conn. Gen. Stat. Sec. 47a-23. On August 30, 1995, the defendants were served with a notice of good cause, notifying them that they were in violation of their lease and allowing them until September 30, 1995 to remedy such violations. Additionally, the defendants received a notice pursuant to Conn. Gen. Stat. Sec.47a-15, notifying them of the plaintiff's intention to terminate their tenancy on September 30, 1995 if said violations were not remedied within twenty-one days. Conn. Gen. Stat. Sec. 47a-15
CT Page 1421 requires that "[p]rior to the commencement of a summary process action . . . to evict based on . . . a material noncompliance with the rules and regulations adopted in accordance with section47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach . . ."[1] The plaintiff alleged that the defendants' conduct constituted a material noncompliance with the terms of the lease, "including":
 "Repeated minor violations of this Agreement which disrupt the livability of the project, . . . or the right of any tenant to the quiet enjoyment of the leased premises, and
 Violations of Paragraphs 1, 2, 4, 5, 6 and 7 of the Addendum to Lease executed by you on January 27, 1995, which includes:
 `Refrain from the use of alcohol . . . If I do relapse, I must attend five AA/NA/CA meetings per week for one month.'
`I agree to a weekly and/or PRN tox screens . . .'
`I agree to attend scheduled meetings . . .'
 `I agree to respect others privacy and to observe the rules of the apartment community as determined by the house residents and VA staff.'
`I agree to adhere to all recommended outpatient treatment . . .'
 `I agree to maintain a schedule of productive activity (a minimum of twenty hours per week).'"
Furthermore, on October 5, 1995, the defendants were served with a final notice advising them of the plaintiff's intention to terminate their tenancy on November 6, 1995, including notice that failure to vacate by said date would lead to an eviction action. On November 8, 1995, the plaintiff served a Notice to Quit Possession on Defendant, pursuant to Conn. Gen. Stat. Sec.47a-23[2], reiterating the reasons set out in the pretermination notice of August 30, 1995. In total, four notices were delivered to defendants over a two month period. The defendants failed to vacate the subject premises and the plaintiff commenced a summary process eviction action. CT Page 1422
The defendants filed a Motion to Dismiss Plaintiff's Summary Process action, pursuant to Connecticut Practice Book Section 142[3], for failure to provide specific "acts or omissions" constituting the breach of their lease, as set forth in Conn. Gen. Stat. Secs. 47a-15 and 47a-23. The defendants claim that the plaintiff's failure to provide specific "acts or omissions" deprives this court of subject matter jurisdiction.
STANDARDS FOR DETERMINING MOTION TO DISMISS IN THIS ACTION
The standards for a Motion to Dismiss for lack of subject matter jurisdiction are found in case law. "[A] motion to dismiss may be granted only when it clearly appears on the face of the entire record that the court is without jurisdiction." In ReBaskin's Appeal from Probate, 194 Conn. 635 (1984). However, a Motion to Dismiss is the "appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution ControlAuth. of Town of Windham, 195 Conn. 682, 687 (1985). Pursuant to Conn. Gen. Stat. Sec. 47a-23, the Superior Court has subject matter jurisdiction to adjudicate a summary process action, but "[t]he failure to comply with the statutory procedures deprives a court of jurisdiction to hear the summary process action."Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,582, cert. denied 209 Conn. 826 (1988). In fact, a valid notice to quit is necessary for subject matter jurisdiction in a summary process action. Bargain Mart, Inc. v. Lipkis, 212 Conn. 120
(1989).
The standards for summary process are found in the statutes and case law. "The applicable principles of Connecticut law are codified in General Statutes [Sec.] 47a-23, and the procedures that are required for a valid eviction are set forth in General Statutes [Sec.] 47a-15." Jefferson Garden Associates v. Greene,202 Conn. 128, 132 (1987). As noted in Jefferson GardenAssociates v. Greene, "`[t]he remedy of summary process is available only when there is a lease and it has been terminated.'" Id. at 143 (quoting Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600-601 (1953)).[4] "[B]efore a landlord may pursue its statutory remedy of summary process under [Sec.] 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." Jefferson Garden Associates, supra, 143. Furthermore, "`[t]he purpose of the action is to enable the landlord upon such termination to recover possession from the tenant'" and "`[b]ecause of the summary nature of this remedy, CT Page 1423 the statute granting it has been narrowly construed and strictly followed.'" Jefferson Garden Associates, supra, 143 (quoting Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600-601
(1953)). To demonstrate compliance with statutory notice requirements, the "`landlord must show that the notices given to the tenant appraised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction.'" Jefferson Garden Associates, supra, 143 (quoting Joy v. Daniels, 472 F.2d 1236, 1241 (4th Cir. 1973)). However, "[s]trict construction does not . . . require ritualistic compliance with statutory or regulatory mandates." JeffersonGarden Associates, supra, 143-44. In fact, "not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process" and "[w]hen good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Garden Associates, supra, 145.
The defendants argue that the plaintiff's notices lacked the requisite specificity, as required by statute and case law, and therefore that this court lacks subject matter jurisdiction over the case. However, case law seems to support the plaintiff's position that such notices under Conn. Gen. Stat. Secs. 47a-15
and 47a-23 contain sufficient detail to satisfy the policy goals of the statutes.[5] This case presents a situation not previously encountered by the courts in Connecticut because it deals with a number of alleged violations of a lease agreement, each described in varying detail.
Sufficiency of Notice
There is a question whether the plaintiff's notices to the defendants were specific enough to appraise the defendants of their alleged violations and to therefore give them an opportunity to correct or defend against them. The notices at issue are set out in Conn. Gen. Stat. Secs. 47a-15 and 47a-23. The statutory language of Sec. 47a-15 requires that notices "specify the acts or omissions constituting the breach. . ." No case law defines how specific an "act or omission" must be described in a notice. However, the specificity of the notice goes directly to the purpose of the notice. The purpose of Conn. Gen. Stat. Sec. 47a-15 is to allow the tenant an opportunity to CT Page 1424 correct alleged violations of the lease agreement. KapaAssociates v. Flores, 35 Conn. Sup. 274, 278 (1979). Similarly, Conn. Gen. Stat. Sec. 47a-23 requires notice detailed enough to provide the tenant with information to prepare a defense to a summary process action. Jefferson Garden Associates, supra, 143. Accordingly, the notice must bed specific enough to allow a tenant to recognize his violations and either cure or defend against them.
The defendants claim that the plaintiff's notices were not specific enough. While relevant, the cases cited in support of the defendants' motion can be distinguished from the present case. The defendants argue that the language of the notice inParkridge Apartments v. McGann, SPH 8408-24518, #H-571, 3 (September 26, 1984) (Aronson, J.), found by the court not to be "clear, unambiguous, and specific" was similar to the language in the plaintiff's notices in this case. However, the language, "conduct detrimental to the health and safety of other tenants" was found by the court in Parkridge Apartments v. McGann to be ambiguous. Parkridge Apartments, supra, 3. Clearly, the language in Parkridge Apartments v. McGann is more ambiguous than the language used by plaintiff in this case, i.e. "[f]ailure to refrain from the use of alcohol . . ." Even the language struck down as unclear in Almagro v. Jackson, SPH 9003-54901, #H-929, 2 (October 9, 1990) (Berger, J.), "[defendant's] conduct on the premises which is a violation of Federal, State and/or Local law and not respecting the rights of other residents to privacy, safety, security and peaceful enjoyment[,]" is far less specific than the plaintiff's language in this case. Similarly, the defendants' argument that the plaintiff's notice is comparable to the notice found "so vague as to constitute a nullity," inHousing Authority of the Town of East Hartford v. Schub, SPH 8010-8299, #H-262, 6 (December 15, 1980) (Spada, J.) fails. InHousing Authority of the Town of East Hartford v. Schub, the court found that "material noncompliance of `adopted rules and regulations concerning your use and occupancy of the premises . . .'" was not only vague, but it failed to appraise the defendant of both his "`obligation'" and the "`violated rules and regulations.'" Housing Authority of the Town of EastHartford, supra, 6. In the present case, the defendants were unambiguously advised that they failed to "refrain from the use of alcohol," and "attend scheduled meetings." The clarity of the plaintiff's notice must have put the defendants on notice "as to what actions are prohibited" and "what covenants have been breached." Housing Authority of the Town of East Hartford, supra, CT Page 1425 6.
Additionally, the defendants cite to two cases which they claim support their argument as to lack of specificity in plaintiff's notices. These cases, though, may also be distinguished from the present case. In Housing Authority of Cityof Meridan v. Roman, (CV-0942, February 10, 1987) Judge Nash found that both the pretermination notice and notice to quit were insufficient where plaintiff merely cited to relevant sections of the lease, (i.e. "Lease, Article 4, Section A,") because such language failed to provide ". . . any information as to the specific conduct which needs to be corrected to avoid eviction." The plaintiff in this case did not merely cite to a section of the lease, as in Housing Authority of the City of Meridan v.Roman, but spelled out what needed to be cured, namely, the ". . . use of alcohol." In Housing Authority of the City ofBridgeport v. Rogers, (SNBR #371, March 2, 1992), Judge Leheny found that the notice to quit language, namely, "violation of the lease rules and regulations. . .," was insufficient for proper notice. The plaintiff in this case provided more than the general allegation found insufficient in Housing Authority of the City ofBridgeport v. Rogers, by alleging the defendants' "failure and/or refusal to Tox Screen . . ."
The plaintiff's notices are more akin to the notices found to be sufficient in Jefferson Garden Associates v. Greene, supra. InJefferson Garden Associates v. Greene, the court held that the landlord's notice to quit, which merely recited a provision of the lease agreement, was specific enough to appraise the tenant of her alleged violation, allowing her an opportunity to cure or defend against the claim. Id. at 145-46. Similarly, in Thomas E.Golden Realty Co. v. Society for Savings, 31 Conn. App. 575, 580
(1993), the court found the language, "you are in violation of the lease and nonpayment for additional rent . . ." was specific enough because it "tracked" statutory language. The notices inThomas E. Golden Realty Co. v. Society for Savings and JeffersonGarden Associates v. Greene were, as in this case, specific enough to allow the defendants to "protect [themselves] against premature, discriminatory or arbitrary eviction." JeffersonGarden Associates, supra, 143. From August 30, 1995 to November 7, 1995, the defendants in this case were notified on four occasions as to their alleged violations of the lease. The defendants had ample opportunity to cure or contest the alleged violations before plaintiff initiated the summary process action for eviction. When the plaintiff provided notice that the CT Page 1426 defendants failed "and/or refus[ed] to Tox Screen in violation of Paragraph 2 of the Lease Addendum," it is clear that the defendants allegedly failed and/or refused a Tox Screen as required in Paragraph 2 of the Lease Addendum. This court finds that this language is specific enough and satisfies the requirements for notice in Conn. Gen. Stat. Secs. 47a-15 and 47a-23. Indeed, the court in Jefferson Garden Associates v. Greene
found that ". . . a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent."Jefferson Garden Associates, supra, 145.
This court finds that plaintiff's have followed all applicable preconditions set by state and federal law for termination of a lease and therefore this court has subject matter jurisdiction over the case. For the foregoing reasons and upon the foregoing authorities, the defendants' Motion to Dismiss is denied.
Clarance J. Jones, Judge