[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE DECISION ON DEFENDANTS MOTION TO DISMISS A SUMMARYPROCESS ACTION
On or about January 10, 1996, the plaintiff made service of a pre-termination notice at the defendants' residence, namely, 140 Montoya Circle f/k/a 140 Cherry Hill Circle, Branford, Connecticut. A sheriff carried out the service by placing the written notice completely under the defendants' front door. The defendants claim that they did not see this notice, and have filed a Motion to Dismiss plaintiff's complaint. The defendants have not quit possession and remain on the premises.
The plaintiff argues that its pretermination notice of January 10, 1996 satisfies the delivery requirements of Conn. Gen. Stat. Sec. 47a-15 and therefore it may maintain an action in summary process. However, the defendants claim that, although CT Page 2850 delivery may have been in compliance with the statute, the "receipt"[1] requirement of Conn. Gen. Stat. Sec. 47a-15 was not fulfilled, because they did not get the notice. Therefore, the defendants contend that without actual notice of the alleged violations they had no opportunity to cure before a summary process action was initiated.
The standards for summary process are found in both statute and case law. "The applicable principles of Connecticut law are codified in General Statutes 47a-23, and the procedures that are required for a valid eviction are set forth in General Statutes47a-15." Jefferson Garden Associates v. Greene, 202 Conn. 128,132 (1987). To demonstrate compliance with statutory notice requirements, the "landlord must show that the notices given to the tenant appraised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction."Id. at 143 (quoting Joy v. Daniels, 472 F.2d 1236,1241 (4th Cir. 1973)). Indeed, the purpose of serving a tenant with a pretermination notice is to allow the defendant an opportunity to remedy her alleged violations. Kapa Associates v.Flores, 35 Conn. Sup. 274 (1979). Furthermore, "[b]ecause of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed.'" JeffersonGarden Associates, supra, 143 (quoting Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600-601 (1953)).
Although Rudolph Diaz was present during the hearing of this motion to dismiss, Elizabeth Diaz is the only witness who provided testimony. At the conclusion of the hearing on the defendants' motion to dismiss, the court stated that it found that the sheriff delivered the notice by placing it completely under the defendants' door, and that, nevertheless Elizabeth Diaz did not get it. The court then took the matter under advisement. The court has considered the facts presented further, and now finds that the defendants did get (namely, receive) the pretermination notice.
Accordingly, the defendants' motion to dismiss is denied.
Clarance J. Jones, Judge