[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Danbury Housing Authority, brings this action against the defendants, Miriam Rodriguez and Maria Rodriguez Hernandez, seeking immediate possession of premises located at 118 Eden Drive, Danbury. CT Page 11230
By writ, summons and complaint, returnable October 14, 1997, the plaintiff claims that the defendants violated the terms and conditions of a written lease, dated May 12, 1995, and a rent adjustment agreement, dated November 13, 1996.
The plaintiff specifically alleges that the defendants violated paragraph 9 of the lease agreement, with particular reference to subsections 4, 9, and 11 (see paragraph 3, writ, summons and complaint).
The plaintiff's notice to quit specified as the reason for the termination of the tenancy "BREACH OF LEASE."
Prior to service of the notice to quit, the plaintiff sent a letter, dated July 21, 1997, to the defendant, Miriam Rodriguez, informing her that the lease had been breached, with particular reference to paragraph 9, subsections 4, 9 and 11. The same language included in the letter of July 21, 1997 is contained in the writ, summons and complaint.
The letter, appended to the complaint as Exhibit B, further informed the defendant of the basis of the claimed violations of the lease agreement, and asked the tenant to contact the project manager before August 21, 1997.
The letter further explained the right of a tenant to examine Housing Authority files and documents relating to any eviction proceedings. The July 21, 1997 notice was sent in conformity with24 C.F.R. § 966.4 (1) (3).
The defendant moves to dismiss the complaint, arguing that the notice to quit was equivocal in that it did not enumerate the specific acts or omissions claimed to constitute the breach of the agreement.
The defendant claims that the lease was not properly terminated by the plaintiff, Danbury Housing Authority, because the notice to quit was defective.
The plaintiff responds that the pre-termination letter of July 21, 1997 was sent as required by § 47a-15 of the Connecticut General Statutes, and by 24 C.F.R. § 966.4 (1) (3).
Furthermore, the plaintiff contends that the notice to quit, CT Page 11231 alleging "BREACH OF LEASE" as the reason for the termination of the tenancy, complies with the requirements of § 47a-23 of the Connecticut General Statutes
Because the plaintiff, Danbury Housing Authority, claims that the defendant violated the terms of a rental agreement and the rules and regulations of the Danbury Housing Authority, §47a-15 mandates notice by the plaintiff to the defendant specifying the acts or omissions constituting a breach of the agreement. The plaintiff must also state that the agreement shall terminate not less than thirty (30) days after receipt of the notice.
The purpose of a pre-termination notice is to provide a tenant with a grace period during which a tenant may correct any wrongful conduct or cure any breaches of a lease which prompted the initiation of the termination proceedings. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 146 (1987); Kapa Associatesv. Flores, 35 Conn. Sup. 274, 278 (1979).
The notice does not have the effect of terminating a tenancy, or of altering the relationship of landlord and tenant. It is remedial in character.
The legislative purpose of § 47a-15, manifest on the face of the statute, is to create a reconciliation period, allowing tenants an opportunity to remedy breaches of an agreement or to rectify conditions, without beginning the actual eviction process. In effect, this statute suspends the summary process machinery, thus preventing eviction for minor or easily remedied conditions by the tenant or others. Kapa, supra, 278. An otherwise responsible tenant is accorded a second chance.
The plaintiff's letter of July 21, 1997, complied with both the requirements of § 47a-15 and with 24 C.F.R. § 966.4 (1) (3). Upon receipt of the plaintiff's notice, dated July 21, 1997, the defendant was clearly on notice of the plaintiff's claims, and was not required to guess at the reasons for initiating the summary process action. Bushnell Plaza Development Corporation v.Brett, H-650; McCaffery Estates Condominium Association v.McCaffery, Docket No. CV21-5429 (J.D. New London).
Unlike the pre-termination notice required by § 47a-15, the notice to quit is not designed to serve a remedial purpose. It is specifically intended to alter the landlord-tenant CT Page 11232 relationship and to terminate the tenancy.
The notice to quit is an unequivocal act by the landlord notifying the tenant of the termination of the lease. The lease is neither voided or rescinded until the landlord performs this act. Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988);Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149,156 (1961); Bushnell Plaza Development v. Fazzano,38 Conn. Sup. 683 (1983).
Compliance with § 47a-15, under the circumstances which apply here, is preliminary to the maintenance of a summary process action pursuant to § 47a-23. Housing Authority v.Harris, 225 Conn. 600, 605 (1993).
The defendant does not claim that the notice to quit does not comply with § 47a-23.
The notice to quit must state "the reason or reasons for the notice to quit possession or occupancy, using the statutory language or words of similar import."
Use of the phrase "BREACH OF LEASE" satisfies the requirements of § 47a-23.
The defendant argues that the plaintiff must specify the type of conduct allegedly engaged in by the tenant or others in the body of the notice to quit. This misunderstands the distinction between a pre-termination notice, which provides an opportunity for a tenant to take corrective action, and a notice to quit, which terminates a tenancy.
Furthermore, the language in the July 21, 1997 letter also appears in the plaintiff's writ, summons and complaint (paragraph 3).
The plaintiff will be required to prove the allegations in the writ, summons and complaint at trial. The defendant may request a revision of any portion of the complaint, should the allegations not be set forth with sufficient specificity.
To require a plaintiff to recite verbatim in a notice to quit, language already included in a § 47a-15 notice, would truly exalt form over substance. CT Page 11233
Both statutes, §§ 47a-15 and 47a-23, which concern the same subject matter should be read together, in a manner that harmonizes the law, so as to make one consistent body of law.Kappa, supra, 279; Cicala v. Administrator, 161 Conn. 362 (1971).
This court declines to supply a hypertechnical interpretation to 47a-23, and to require a notice to quit issued pursuant to that statute, to echo language already provided to a defendant in a § 47a-15 notification.
The defendant's motion to dismiss is denied.
Radcliffe, J.