[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
The defendant has moved to dismiss this summary process action on the ground that the Kapa notice and the notice to quit are not specific enough to provide adequate notice and opportunity to comply. There were two problems addressed in the Kapa notice required by § 47a-15 of the General Statutes: one, claimed to be in violation of lease language prohibiting "acts that will disturb the rights and comfort of neighbors" and in violation of the nuisance statute, § 47a-32 and §47a-11 of the General Statutes[1], stated that the defendant had engaged in conduct causing "a substantial amount of offensive/hazardous/obnoxious smoke, fumes, odors and/or smells to permeate or enter" other units and common areas of the premises. The second reason stated, claimed to be in violation of the rental agreement[2], was that one Lorenzo Martinez was allowed to be on the premises. As required by § 47a-15, the tenant was expressly given twenty-one days after receipt of the notice to remedy the problem areas. The Kapa notice was dated April 10, 1997; the notice to quit, using similar language, was dated June 2, 1997.
The defendant's position is that the above language is too vague to satisfy the notice requirements of § 47a-15 of the General Statutes. Both parties rely on the same cases; exhaustive recitation need not be repeated here. I agree with the language of Judge Jones in Barkan Management Co. v. Artis, No. N.H. — 674:
There is a question whether the plaintiffs notices to the defendants were specific enough to appraise the defendants of their alleged violations and to therefore give them an opportunity to correct or defend against them. The notices at issue are set out in Conn. Gen. Stat. Secs. 47a-15 and 47a-23. The statutory language of Sec. 47a-15 requires that notices "specify the acts or omissions constituting the breach . . ." No case law defines how specific an "act or omission" must be described in a notice. However, the specificity of the notice goes directly to the purpose of the notice. The purpose of Conn. Gen. Stat. Sec. 47a-15 is to allow the tenant an opportunity to correct alleged violations of the lease agreement. Kapa Associates v. Flores, 35 Conn. Sup. 274, 278 (1979). Similarly, Conn. Gen. Stat. Sec. 47a-23 requires notice detailed enough to provide the tenant with information to prepare a defense to a CT Page 13382 summary process action. Jefferson Garden Associates, supra, 143. Accordingly, the notice must be specific enough to allow a tenant to recognize his violations and either cure or defend against them.
In Artis, Judge Jones further discusses and compares the specificity of notices in a number of cases, and determines that the notices in Artis were specific enough to pass muster.
I find that the notices in this case similarly were adequate to perform the purposes of § 47a-15. There can be little doubt that specifying the name of the individual allegedly residing on the premises in violation of the lease was sufficient. Although the issue as to the noxious odors is somewhat less clear, I find that the language is far more specific than the wholly conclusory allegations such as "lease violation" which have been found inadequate. The defendant is not left to guess at what could be meant, unless, of course, there were no such emanations, in which case she ought to prevail on the merits. Further, the situation is certainly subject to correction, especially following inquiry.
The notice to dismiss is denied.
Beach, J.