[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has moved to dismiss this summary process action on the ground that the pretermination notice served by the plaintiff failed to notify the defendant of a right to cure. The plaintiff claims that the pretermination notice does not need to include notice of the fifteen day right to cure.
According to the complaint, the plaintiff claims that the defendant did not comply with a written lease by allowing other persons to occupy and/or sublet a portion of the premises. On June 21, 2001 the plaintiff gave the defendant notice of the violation pursuant to General Statutes47a-15. On August 10, 2001, the plaintiff served the plaintiff with a Notice to Quit the premises. The pretermination notice of June 21, 2001 reads as follows:
 "Pursuant to Connecticut General Statute Section 47a-15, this is to notify you that you are violating your CT Page 17152 lease by allowing occupancy by more than one adult and/or by subletting your apartment in violation of paragraph 18 of your lease. Because of this violation we are terminating your lease effective July 25, 2001."
Section 47a-15 of the General Statutes requires a landlord who seeks to terminate a lease for material non-compliance with lease provisions to issue a pretermination notice specifying the breach. There are exceptions to this notice requirement which are not claimed here. The statute allows a tenant to cure the violation within a fifteen day period. The alleged violation of the lease claimed by the plaintiff appears to be one that could have been cured by the plaintiff within the statutory fifteen day period. The purpose of this provision of the statute is to discourage and foreclose evictions against "first offenders". It is a grace period to correct the wrongful conduct. Kapa Associates v. Flores, 35 Conn. Sup. 274
(1979).
This court agrees with the decision of Housing Authority of The City ofTorrington v. Hoye, No. 187286, (2000 WL 297770) (Frazzini, J.) wherein the court held that a pretermination notice alleging material breaches of the lease must include notice of a right to cure.
The power of the court to hear a summary process action depends upon the plaintiff satisfying general conditions, including notice requirements. The pretermination notice and the notice to quit are prerequisites. Since there was no notice of the right to cure in the pretermination notice of June 21, 2001, then there is not substantial compliance with General Statutes 47a-15 and therefore the action isDismissed for lack of subject matter jurisdiction.
PATRICK J. CLIFFORD JUDGE OF THE SUPERIOR COURT