[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action. The plaintiff seeks a judgment of possession for property that he owns at 1340 Randolph Road in Middletown, Connecticut.
A trial was held on December 16, 2002. The defendants were represented by counsel and the plaintiff appeared pro se. On December 16th the court also considered a Motion to Dismiss that had been filed by the defendants.
The court has carefully considered all of the evidence introduced at trial, as well as the legal arguments advanced by both parties.
 FACTUAL FINDINGS
On or about September 25, 2001, the defendants took possession of the premises at 1340 Randolph Road. There was no written lease. The defendants have continuously held the premises through the present time.
The plaintiff alleged that he had an oral contract to sell the defendants a portion of the real estate parcel that he owned on Randolph Road. The parcel of real estate which the defendants were to buy included the house at 1340 Randolph Road. The plaintiff claimed that he allowed the defendants to live in the house, rent-free, until they could secure a mortgage to purchase the property. This agreement was made in September, 2001, and the plaintiff testified that he assumed that the defendants would secure financing and close on the transaction within eight weeks after the time that they took occupancy.
The plaintiff alleged that the defendants have been unable to secure a mortgage, despite his efforts to assist them in doing so. He initiated this action on October 22, 2002, when he served the defendants with a notice to quit. The plaintiff claimed that the defendants have never paid rent during the time they have resided at 1340 Randolph Road. CT Page 15334-bx
The defendant, David Roane, testified at trial and disputed some of the factual claims made by the plaintiff The defendant represented that he had been instrumental in arranging the plaintiff's purchase of the property from its prior owner. Mr. Roane claimed that the plaintiff; who intended to sub-divide and develop the 10-acre parcel, agreed to sell him the house where he currently resides. Mr. Roane contended that in lieu of a "finder's fee" for introducing the seller to the plaintiff; the plaintiff agreed to discount Mr. Roane's purchase price for the property. The defendant also claimed that he and his wife were allowed to live rent-free at the premises because he served as caretaker of the property and performed other services for the plaintiff
Although the parties offered conflicting versions of fact, the court need not make findings with respect to those differing accounts. Rather, the court finds that a procedural issue raised in the defendants' Motion to Dismiss is dispositive of this matter.
 DISCUSSION
As noted above, the plaintiff served a notice to quit upon the defendants on October 22, 2002. In that notice, the plaintiff terminated the defendants' rental agreement and stated as a reason that: "Your right or privilege to occupy has terminated."
In his summary process complaint dated October 31, 2002, the plaintiff alleged that he had entered into ". . . an oral lease for the term of one month" with the defendants and that ". . . [t]he lease has terminated by lapse of time."
Connecticut General Statute 47a-23 sets forth the various reasons for which a landlord may legally terminate a lease or rental agreement. "Lapse of time" (C.G.S. 47a-23 (a) (1) (A)) and "termination or right or privilege to occupy" (C.G.S. 47a-23 (a) (3)) are two separate and distinct statutory grounds.
Connecticut case law is clear that the notice to quit must inform the tenant of the information needed to defend against premature, discriminatory or arbitrary eviction. (internal quotation marks and internal citations omitted). Etuka v. Hightower, S.P.H. 910761514, Superior Court, Hartford-New Britain J.D., Berger, J. (November 18, 1991). For that reason, the allegations contained in a summary process complaint may not be at variance with the reasons for eviction given in the notice to quit. Etuka v. Hightower, supra. See also Vogel v. Bacus,133 Conn. 95, 98 (1946) and Kapa Associates v. Flores, 35 Conn. Sup. 274
CT Page 15334-by (1975).
In the present case, the notice to quit and the subsequent complaint allege different statutory grounds. Hence, the notice to quit is defective, because it did not properly advise the defendants of the grounds alleged by the plaintiff for the termination of the rental agreement.
Since by law a proper notice to quit is a jurisdictional prerequisite in any summary process action, the court must find that the defective notice in this case renders it devoid of subject matter jurisdiction. For that reason, the defendants' Motion to Dismiss is hereby GRANTED.
SO ORDERED.
BY THE COURT:
 ___________________ Dyer, J.
CT Page 15334-cz